■ JOSEPH P. SALERNO, Appellant, v LYNN M. SALERNO, Respondent. [708 NYS2d 539] —Order unanimously affirmed without costs. Memorandum: The parties were married in 1989 and had twin daughters, Lauren and Alexis, born in 1993. Alexis was born with multiple handicaps, including brain damage that resulted in cerebral palsy. The parties entered into a separation and property settlement agreement in November 1995 providing for joint custody of the children, with defendant designated the primary residential parent. Plaintiff commenced an action for divorce in November 1996 and sought sole custody of the children. Supreme Court properly concluded following a trial that the existing custodial arrangement should continue.

The determination of the trial court, which heard and observed the witnesses, is entitled to great deference and should not be disturbed where, as here, it has a sound and substantial basis in the record (*see, Matter of Kamholtz v Kovary*, 210 AD2d 813, 814; *Fox v Fox*, 177 AD2d 209, 211-212). Although a prior custody arrangement is not determinative, it is an important factor and will be continued unless there is an indication that a "change in custody will substantially enhance the child[ren]'s welfare" (*Matter of Clary v Bond*, 186 AD2d 869, 870). The testimony at trial establishes that defendant

has been the primary caretaker of the children since their birth, and by all accounts is a loving and caring parent to the children. While plaintiff is very attentive to Alexis, he tends to place her needs ahead of Lauren's needs. Thus, the record establishes that it is in the best interests of the children to continue custody with defendant (*see generally, Eschbach v Eschbach,* 56 NY2d 167, 171; *Matter of Hyde v Hudor,* 265 AD2d 765, 766).

Although the opinion of the court-appointed psychologist was a factor for the court to consider, that opinion is not determinative and here the court properly rejected it (*see, Matter of Aldrich v Aldrich,* 263 AD2d 579; *Matter of Prete v Prete,* 193 AD2d 804, 805; *cf., Young v Young,* 212 AD2d 114, 118-120). The psychologist testified that plaintiff would be a better advocate for the needs of Alexis and that Lauren harbors negative feelings toward her family due to the attention given Alexis. The psychologist opined that plaintiff should have custody of Alexis and that defendant should retain custody of Lauren. In the alternative, he recommended that Alexis be institutionalized.

Courts should be reluctant to separate siblings (*see, Eschbach v Eschbach, supra,* at 173; *Matter of Ebert v Ebert,* 38 NY2d 700, 704; *Obey v Degling,* 37 NY2d 768, 771), and thus sibling relationships will not be disrupted where, as here, there is no overwhelming need to do so (*see, White v White,* 209 AD2d 949, 950, *lv dismissed* 85 NY2d 924; *Matter of Lobo v Muttee,* 196 AD2d 585, 587; *Matter of James v Carpenter,* 187 AD2d 997). Although the psychologist opined that plaintiff would be a better advocate for Alexis, he did not opine that defendant is an inappropriate caretaker. Indeed, the evidence at trial establishes that defendant is able to care for Alexis without excluding Lauren. In addition, the testimony of the other witnesses, including plaintiff and defendant, establishes that the twin sisters share a close bond, and the parents do not wish to separate the siblings. In any event, we note that, in continuing the existing custodial arrangement, pursuant to which each parent spends time alone with each child, the court thereby addressed the psychologist's concerns regarding Lauren.

Finally, we disagree with plaintiff and the Law Guardian that the court erred in failing to adopt the recommendation of the Law Guardian to continue the current custodial arrangement, assign a parent coordinator to resolve conflicts between the parents, and increase the amount of time each parent spent alone with each child. A court is not required to adopt the recommendation of a Law Guardian (*see, Fisher v Fisher,* 206

AD2d 910). (Appeal from Order of Supreme Court, Erie County, NeMoyer, J.—Custody.) Present—Green, J. P., Hayes, Kehoe and Lawton, JJ.