GARY D. B., Appellant, v ELIZABETH C. B., Respondent. [722 NYS2d 323] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: The parties were married in 1976 and have four children: Jessica, born October 14, 1983; Erin, born January 3, 1986; Nicholas, born March 10, 1989; and Austin, born June 6, 1991. Defendant suffered from alcoholism and drug dependency and, despite efforts at rehabilitation, continued to drink and abuse controlled substances during the marriage. In December 1992 plaintiff obtained an order granting him temporary custody of the children, as well as an order of protection from Family Court. Those orders were extended by consent of the parties while defendant continued to struggle with her addictions. Plaintiff commenced an action for divorce and in 1995 obtained a judgment of divorce based upon defendant's cruel and inhuman treatment of him. The judgment incorporated the stipulation of the parties that plaintiff would have sole custody of the children and defendant would have only supervised visitation with the children because she was residing in a halfway house at that time. The agreement provided that the custody and visitation arrangement could be reviewed by the court after a period of one year. In order to be available to his children, plaintiff closed his law office in downtown Buffalo and began to practice law from his home.

In July 1996 defendant stopped drinking as the result of having what she described at trial as an "epiphany," and her visitation rights with the children eventually were expanded by stipulation of the parties. In February 1999 defendant commenced this proceeding seeking custody of all the children, after the eldest daughter, then age 15, came to live with defendant after having an argument with plaintiff. Supreme Court granted the petition following a hearing, awarded sole custody of the children to defendant and limited visitation to plaintiff. The court stated that it was a de novo custody determination because an order of permanent custody had never been entered. The court determined that plaintiff's parenting skills are not adequate to meet the needs of the children and that defendant is better equipped to meet those needs.

On appeal, plaintiff contends that the court erred in failing

to give deference to a long-standing custody arrangement in the absence of a determination that he was an unfit parent, and that the court's determination that he was not meeting the needs of the children is not supported by the record. We agree, and modify the order insofar as it awarded custody of Erin, Nicholas and Austin to defendant. We affirm the order insofar as it awarded custody of Jessica to defendant, however, because the record establishes that it is not in the best interests of Jessica to return to plaintiff's custody at this time.

Every custody determination must focus on the best interests of the children, and the continuity and stability of the existing custodial arrangement, whether established by agreement or order, is a weighty factor to consider in determining their best interests (*see, Fox v Fox,* 177 AD2d 209, 210). "[T]he existing arrangement should be changed based only upon ' "countervailing circumstances on consideration of the totality of circumstances" ' " (*Fox v Fox, supra,* at 210-211, quoting *Friederwitzer v Friederwitzer,* 55 NY2d 89, 95; *see also, Salerno v Salerno,* 273 AD2d 818). "Custody of children should be established on a long-term basis, wherever possible; children should not be shuttled back and forth between divorced parents merely because of changes in marital status, economic circumstances or improvements in moral or psychological adjustment, at least so long as the custodial parent has not been shown to be unfit, or perhaps less fit, to continue as the proper custodian" (*Obey v Degling,* 37 NY2d 768, 770).

Here, although the prior custody orders were styled "temporary," the children were in plaintiff's custody from 1992 until 1995 pursuant to those orders, and they have been in plaintiff's sole custody since 1995 pursuant to the judgment of divorce incorporating the stipulation of the parties. Consequently, the court should not have changed custody in this case in the absence of evidence that plaintiff was an unfit parent. In that regard, we conclude that the court's determination that plaintiff's parenting skills are inadequate to meet the needs of the children lacks a sound and substantial basis in the record (*see, Alanna M. v Duncan M.,* 204 AD2d 409). Although plaintiff is more strict and demanding than defendant, has a less nurturing parenting style, and expects more from the children than does defendant, the record supports the conclusion that plaintiff has adequately provided for the needs of the children through the many years when defendant was unable to provide any emotional support for them as a result of her alcohol and drug dependencies. The three younger children are doing well in school and neighbors, friends and fellow church members

testified that plaintiff enjoys a good relationship with the children. The court-appointed psychologist concluded that all of the children had been damaged by defendant's alcoholism, which she characterized as a family disease. She further concluded that the parties have not dealt effectively with the issue of alcoholism with the children, and have instead blamed each other for their problems. The court, however, appeared to attribute most of the blame for the problems to plaintiff.

We find it significant that defendant failed to present medical evidence to support her testimony that she has conquered alcoholism and is no longer in danger of backsliding. Although defendant testified that she stopped drinking in 1996, she had stopped drinking for a period of seven years earlier in the marriage before beginning to drink again. Defendant also admitted that she continues to take Dexedrine, a drug that she has abused in the past. An adverse inference should have been drawn against defendant for failing to present testimony from her present treating psychiatrist that she is able to take Dexedrine with no danger of abusing it and that she is not in danger of resuming her drinking.

We conclude that plaintiff should retain sole custody of Erin, Nicholas and Austin, and that defendant should have visitation with those children as set forth in the order with reference to plaintiff. We conclude, however, that this is one of those rare cases where the breakdown in communication between the parent and the child that would require a change of custody is "applicable only as to the best interests of one of several children" (*Eschbach v Eschbach*, 56 NY2d 167, 172; *see also, Mitzner v Mitzner*, 209 AD2d 487, 488-489; *Fox v Fox, supra,* at 213). Jessica, in what a psychologist described as an attempt to manipulate the situation to remove herself from plaintiff's discipline, made superficial cuts to her wrists. Following that incident, she went to live with her maternal grandparents and then with defendant. Jessica, who is now 17 years old, has continued to reside with defendant. Given those circumstances, and in view of Jessica's age, we affirm that portion of the order awarding custody of Jessica to defendant and holding visitation between plaintiff and Jessica in abeyance pending their participation in counseling and further order of the court. We also affirm that portion of the order requiring the parties and the children to participate in counseling to improve communications among family members.

Although not determinative here, we are compelled to address two other troubling issues that are brought to our attention on this appeal. During trial, after the children began to

express different preferences concerning the parent with whom they wished to live, the Law Guardian moved to withdraw from representing all of the children. The court should have granted that motion because the Law Guardian articulated a conflict of interest (*cf., Matter of Rosenberg v Rosenberg,* 261 AD2d 623, 624).

Additionally, the court erred in summarily denying plaintiff's motion to strike the testimony of the court-appointed psychologist. The court had issued an order appointing a psychologist to evaluate the parties, defendant's parents and the children (*see,* 22 NYCRR 202.18). The order provided that the compensation for the forensic evaluations and any court appearances was to be paid proportionately to the ratio between adult parties and children evaluated. The adult parties were to compensate the expert for their own proportionate shares of the evaluation cost, and the children's portion was to be paid by the Law Guardian Program. The order provided for a maximum fee of $2,000, and further provided that, "if it is anticipated that the evaluation may exceed the maximum limit, then a supplemental request will be made to the Court for additional compensation." Defendant called the court-appointed psychologist as her witness and, during direct examination, it was revealed that defendant had paid an additional fee to the psychologist of $800. By paying the expert additional amounts without seeking further order of the court, defendant created the appearance of impropriety (*see generally, Davis v Davis,* 269 AD2d 82), and the court should not have summarily denied plaintiff's objection to her testimony.

We modify the order, therefore, by awarding custody of Erin, Nicholas and Austin to plaintiff with visitation to defendant as set forth in the order with reference to plaintiff. (Appeal from Order of Supreme Court, Erie County, Sconiers, J.—Custody.) Present—Pigott, Jr., P. J., Pine, Hayes, Scudder and Lawton, JJ.