Appeal from an amended order of Family Court, Oneida *988 County (Flemma, J.H.O.), entered April 25, 2002, which dismissed the petition seeking to transfer primary physical custody.
It is hereby ordered that the amended order so appealed from be and the same hereby is unanimously modified on the law by denying respondent’s motion and denying the petition on the merits insofar as it sought a change in primary physical custody of the two youngest children and as modified the amended order is affirmed without costs.
Memorandum: Petitioner commenced this proceeding seeking to transfer primary physical custody of three of the parties’ four children to petitioner. Primary physical custody of the eldest child had already been transferred to petitioner upon respondent’s consent. Following the filing of the petition, respondent consented to a transfer of primary physical custody of the second eldest child. A hearing was held concerning the parties’ two youngest sons.
Family Court erred in granting respondent’s motion to dismiss the petition made at the close of petitioner’s case and renewed at the end of the hearing. We conclude that petitioner met his burden of demonstrating a sufficient change in circumstances to require consideration of the welfare of the children (cf. Matter of Gademsky v Masset, 213 AD2d 1011, 1011-1012 [1995]; Matter of Boedecker-Frey v Boedecker-Frey, 176 AD2d 392, 393 [1991]). Following the parties’ divorce, respondent moved with the children from a suburban school district to the City of Utica. Thereafter, the two eldest children were permitted to live with petitioner and remain in their original school district. Although the relocation did not deprive petitioner of meaningful access to the younger children, when combined with the separation of the siblings, it did constitute “a change of circumstances warranting a reexamination of the existing custody arrangement” (Matter of Muniz v Paradizo, 258 AD2d 970, 970 [1999]; see Matter of Dacey v Dacey, 214 AD2d 790, 791-792 [1995]; Matter of Giovannone v Giovannone, 206 AD2d 869 [1994], lv denied 84 NY2d 805 [1994]).
While the court erred in determining that petitioner did not meet his initial burden on the petition, because the court proceeded with a full hearing, we have an adequate record and may make the custody determination “in the interest of judicial economy and to avoid further delay” (Matter of Guzzey v Titus, 220 AD2d 976, 976 [1995], lv denied 87 NY2d 807 [1996]; see e.g. Matter of Hilliard v Peroni, 245 AD2d 1107 [1997]; Matter of Michael G.B. v Angela L.B., 219 AD2d 289, 292 [1996]).
“A change of custody should be made only if the totality of *989 the circumstances warrants a change that is in the best interests of the child” (Matter of Salvati v Salvati, 221 AD2d 541, 542 [1995]; see Friederwitzer v Friederwitzer, 55 NY2d 89, 96 [1982]; Matter of Ammann v Ammann, 209 AD2d 1032, 1033 [1994]; Matter of Sullivan v Sullivan, 190 AD2d 852 [1993], lv denied 81 NY2d 706 [1993]). “Among the factors to be considered are the quality of the home environment and the parental guidance the custodial parent provides for the child . . . , the ability of each parent to provide for the child’s emotional and intellectual development . . . , the financial status and ability of each parent to provide for the child . . . , the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect” (Matter of Krebsbach v Gallagher, 181 AD2d 363, 364 [1992], lv denied 81 NY2d 701 [1992]; see Eschbach v Eschbach, 56 NY2d 167 [1982]; Friederwitzer, 55 NY2d at 94). Priority, in the first instance, will be accorded an existing custodial arrangement, but the weight to be accorded a prior custodial arrangement depends on whether the prior disposition resulted from a full hearing or a stipulation (see Friederwitzer, 55 NY2d at 94-95; see also Eschbach, 56 NY2d at 172). It is also important to note that “[c]ourts should be reluctant to separate siblings” (Salerno v Salerno, 273 AD2d 818, 819 [2000]; see Eschbach, 56 NY2d at 173). However, “the existence or absence of any one factor cannot be determinative on appellate review since the court is to consider the totality of the circumstances” (Eschbach, 56 NY2d at 174). Finally, courts are “not required to adopt the recommendation of a Law Guardian” (Salerno, 273 AD2d at 819; Matter of Groth v Groth, 239 AD2d 953 [1997]).
Based on our review of the record, we conclude that a change of primary physical custody is not required in the best interests of the two youngest children. Although the separation of siblings is unfortunate, the younger children will benefit more from the stability and structure of respondent’s home, where each child has his own room. Further, the children are now attending a magnet school and doing well. The children have lived with respondent since birth and the change in schools and residence of the two older Siblings Does Not Require a Change of Primary Physical Custody in the Best Interests of the Youngest Children.
We therefore modify the amended order by denying respondent’s motion and denying the petition on the merits insofar as it sought a change in primary physical custody of the two youngest children. We otherwise affirm. Present—Pine, J.P, Hurlbutt, Kehoe, Lawton and Hayes, JJ.