■ In the Matter of STACEY L.B., Respondent, v KIMBERLY R.L., Appellant. [785 NYS2d 238]—

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered April 24, 2003 in a proceeding pursuant to Family Ct Act article 6. The order granted the petition and awarded sole custody of the parties' child to petitioner, with visitation to respondent.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Family Court properly granted sole custody of the parties' child to petitioner father, with visitation to respondent mother. "It is well established that alteration of an established custody arrangement will be ordered only upon a showing of a change in circumstances which reflects a real need for change to ensure the best interest[s] of the child" (*Matter of Irwin v Neyland*, 213 AD2d 773, 773 [1995]; *see Matter of Williams v Tucker*, 2 AD3d 1366, 1367 [2003], *lv denied* 2 NY3d 705 [2004]), and "[a] change of custody should be made only if the totality of the circumstances warrants a change that is in

the best interests of the child" (*Matter of Salvati v Salvati*, 221 AD2d 541, 542 [1995], *appeal dismissed* 87 NY2d 954 [1996], *lv denied* 88 NY2d 803 [1996]; *see Matter of Maher v Maher*, 1 AD3d 987, 988 [2003]). Here, the record establishes that, since entry of the initial custody order, respondent had abused or neglected the child and entered into two romantic relationships involving issues of domestic violence. Those factors combined constitute " 'a change of circumstances warranting a reexamination of the existing custody arrangement' " (*Maher*, 1 AD3d at 988, quoting *Matter of Muniz v Paradizo*, 258 AD2d 970, 970 [1999]).

We further conclude that the court properly determined that a change in custody was in the best interests of the child (*see generally Eschbach v Eschbach*, 56 NY2d 167, 172-173 [1982]). Contrary to respondent's contention, the court did not improperly separate the child from her siblings. Although "[c]ourts should be reluctant to separate siblings" (*Salerno v Salerno*, 273 AD2d 818, 819 [2000]; *see Matter of Ebert v Ebert*, 38 NY2d 700, 704 [1976]), both petitioner and respondent have other children and, therefore, custody to either parent necessarily separates the child from some of her siblings.

Respondent did not preserve for our review her contention that the court erred in admitting hearsay statements of the child in violation of Family Ct Act § 1046 (a) (vi) (*see Matter of Tracy v Tracy*, 309 AD2d 1252, 1253 [2003]; *Matter of Peter S. v Cheryl A.S.*, 190 AD2d 1038, 1039 [1993]). In any event, such statements are properly admitted where, as here, there are allegations of abuse or neglect and the statements are corroborated (*see Matter of Rosario WW. v Ellen WW.*, 309 AD2d 984, 987 [2003]; *Peter S.*, 190 AD2d at 1039; *see also Matter of Nilda S. v Dawn K.*, 302 AD2d 237, 238 [2003], *lv denied* 100 NY2d 512 [2003]). Finally, we conclude that the court did not impermissibly consider respondent's prior abortion in rendering its custody determination. Rather, the court considered respondent's unstable lifestyle and the circumstances surrounding respondent's decision to have an abortion, including the incidents of domestic violence between respondent and the purported father of that unborn child. In any event, even without consideration of that fact, there is ample evidence supporting the court's determination of custody. Present—Pigott, Jr., P.J., Pine, Hurlbutt, Kehoe and Lawton, JJ.