In the Matter of KRISTI L.T., Respondent, v ANDREW R.V., Appellant. [850 NYS2d 765]—

Appeal from an order of the Family Court, Oneida County (Randal B. Caldwell, J.), entered February 27, 2007 in a proceeding pursuant to Family Court Act article 6. The order, among other things, modified a prior custody order.

It is hereby ordered that the order so appealed from is unanimously reversed in the exercise of discretion without costs and the petition is denied.

Memorandum: Respondent father appeals from an order entered in February 2007 that granted the mother's petition to modify a prior order by awarding the mother primary physical custody of the parties' daughter, who was born in December 2000. At least two other judges had previously entered custody orders in the matter. In our view, Family Court improvidently exercised its discretion in determining that a change of primary physical custody was in the child's best interests.

The parties were never married, and they separated when the child was approximately four months old, at which time the mother and child moved in with the mother's parents. In March 2004 the mother sought modification of a prior custody order and was permitted to move with the child and her parents to Connecticut, with monthly visitation to the father. In August 2004 the mother was convicted of driving while intoxicated in Connecticut and received a four-month jail sentence because of her history of such charges. The parties arranged for the father to take physical custody of the child at the end of October 2004, and the parties entered into a stipulation in Supreme Court continuing joint custody and giving the father primary physical custody. A Supreme Court order continuing that arrangement and specifying the terms of visitation to the mother was entered at the beginning of September 2005. The father has had primary physical custody of the child since the end of October 2004.

At issue in this appeal is the order granting the mother's petition in July 2006 seeking primary physical custody of the child. Family Court issued a decision in January 2007 and an order in February 2007 granting the petition following three days of testimony in November 2006, and a justice of this Court reinstated the September 2005 order and stayed enforcement of the February 2007 order pending determination of this appeal or until December 31, 2007, whichever occurred first.

In granting the mother's petition, the court concluded that there had been a change of circumstances and that a change in custody was warranted in the best interests of the child, relying on the five factors set forth in our decision in *Matter of Maher v Maher* (1 AD3d 987, 989 [2003]). Although we agree with the court that there was a significant change in circumstances inasmuch as the mother had completed her jail sentence and mandatory programs, had stopped drinking, was living happily with a man and his two children, and was engaged to be married to that man in July 2007, we conclude that the court's determination that it was in the best interests of the child to change her primary physical residence was an improvident exercise of discretion.

As we wrote in *Maher*, among the factors to consider in determining whether a change of primary physical custody is warranted " 'are the quality of the home environment and the parental guidance the custodial parent provides for the child . . . , the ability of each parent to provide for the child's emotional and intellectual development . . . , the financial status and ability of each parent to provide for the child . . . , the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect' " (*id.* at 989). Here, with respect to the five factors set forth in *Maher*, the evidence presented at the hearing established that the father had been living with his girlfriend, whom he intends to marry, and with their daughter, his girlfriend's daughter, and the subject child. At the time of the hearing, the child was attending kindergarten and school reports showed that after 10 weeks of school her attitude, behavior, participation and work habits were all positive, and her social development, motor skills, knowledge of personal information, and math and language skills were all rated "competently developed." The evidence further established that the child loves both parents, enjoys visitation with her mother, and is comfortable with the other members of both households.

With respect to the first factor set forth in *Maher*, we note that both homes offer a suitable environment and both parents

can provide parental guidance. With respect to the second factor, there is nothing in the record that supports differentiating between the parents with respect to emotional and intellectual development. There is, however, a marked difference with respect to the third factor, the financial ability of each parent to provide for the child. The father's salary is modest, but it is more than three times that of the mother. The mother is financially dependent on her fiancé, whose net income as owner of a construction business is more than double that of the father. The mother admitted at the hearing, however, that she had given no thought to how she would support the child if something were to happen to her fiancé or to their relationship. She stated, "I never thought about the future. I just think of now."

With respect to the fourth factor, the relative fitness of the respective parents, the mother insists that she is not an alcoholic, although she has been charged with driving while intoxicated several times and was convicted of that crime in Connecticut. She testified that she drinks "like everybody else" but last drank alcohol in October 2004. She attended some Alcoholics Anonymous meetings but did not like them, concluding that "I do much better off on my own dealing, doing things my own way, doing it the way I only know how to do things." The mother's fiancé testified that he has two convictions arising from conduct involving breach of the peace, and that he was convicted of violating an order of protection and of possession of drug paraphernalia. He further testified that the drug charge stemmed from an employee's having left drug paraphernalia in his vehicle. Neither the father nor his girlfriend has a criminal record, and we thus conclude that the record establishes that the father is the more fit parent.

The fifth factor concerns the length of time the present custody arrangement has been in effect. The father has had primary physical custody since the end of October 2004, while the mother had primary physical custody from approximately March 2001 until the end of October 2004. Thus, the child has lived with each parent approximately half of her life, and she has had regular visitation with the other parent except during the period in which the mother was in jail.

Based on our analysis of the five factors in *Maher*, and given that the child has expressed positive feelings about all the members of both parents' households, has friends in both communities and was doing well in school at the time of the hearing, we cannot agree with the court that the best interests of the child would be served by a change in her primary physical

residence. Thus, in the exercise of our discretion, we reverse the order and deny the petition.

We note that the record establishes that the parties have had proceedings before at least three different judges. The same Law Guardian was appointed for the child in the first two matters but was not reappointed by Family Court in this matter because the mother objected to his appointment. The court recognized, however, that in appointing a law guardian "the court shall, to the extent practicable and appropriate, appoint the same law guardian who has previously represented the child" (Family Ct Act § 249 [b]). The record establishes that the prior Law Guardian was available, and we conclude that he should have been reappointed.

We do not address the parties' contentions with respect to relocation because in our view relocation is not in issue. Present—Hurlbutt, J.P., Martoche, Smith, Peradotto and Pine, JJ.