# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**621**
**CAF 10-00294**
PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND SCONIERS, JJ.

---

IN THE MATTER OF JASON L. BROTHERS,
PETITIONER-RESPONDENT,

V                                              MEMORANDUM AND ORDER

HEATHER L. CHAPMAN, RESPONDENT-APPELLANT.

---

PETER J. DIGIORGIO, JR., UTICA, FOR RESPONDENT-APPELLANT.

ANTHONY CASALE, GLOVERSVILLE, FOR PETITIONER-RESPONDENT.

---

Appeal from an order of the Family Court, Herkimer County (Anthony J. Garramone, J.H.O.), entered December 15, 2009 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted the parties joint custody of their child and granted petitioner primary physical custody.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that, inter alia, granted in part the father's cross petition seeking to modify a prior order of custody and visitation by awarding him primary physical custody of the parties' child and visitation to the mother. "Although Family Court erred in failing 'to set forth those facts essential to its decision' . . ., 'the record is sufficiently complete for us to make our own findings of fact in the interests of judicial economy and the well-being of the child[ ]' " (*Matter of Williams v Tucker*, 2 AD3d 1366, 1367, *lv denied* 2 NY3d 705). Based on our review of the record, we conclude that the court properly modified the prior order of custody and visitation.

"It is well settled that '[a] party seeking a change in an established custody arrangement must show a change in circumstances [that] reflects a real need for change to ensure the best interest[s] of the child' " (*Matter of Moore v Moore*, 78 AD3d 1630, 1630, *lv denied* 16 NY3d 704; *see Matter of Maher v Maher*, 1 AD3d 987, 988-989). "[A]mong the factors to consider in determining whether a change of primary physical custody is warranted are the quality of the home environment and the parental guidance the custodial parent provides for the child . . ., the ability of each parent to provide for the child's emotional and intellectual development . . ., the financial status and ability of each parent to provide for the child . . ., the relative fitness of the respective parents, and the length of time the

present custody arrangement has been in effect" (*Matter of Kristi L.T. v Andrew R.V.*, 48 AD3d 1202, 1204, *lv denied* 10 NY3d 716 [internal quotation marks omitted]; *see Maher*, 1 AD3d at 989).

With respect to the first of those factors, including the quality of the home environment, the evidence presented at the hearing establishes that the mother has repeatedly changed residences. Indeed, on one occasion, the mother returned to and left her estranged husband within the period of one weekend. Further, at the time of the hearing, the mother resided with a paramour who, based on testimony presented at the hearing, has a significant history of domestic violence and irrational behavior (*see Matter of Stacey L.B. v Kimberly R.L.*, 12 AD3d 1124, *lv denied* 4 NY3d 704). In contrast, the evidence adduced at the hearing established that the father had a stable home life.

With respect to the second factor, i.e., the ability of each parent to provide for the child's emotional and intellectual development, the record of the hearing established that the mother was cognizant of the need to improve her parenting skills inasmuch as she began attending parenting classes approximately two months before the hearing. Her transient lifestyle, however, resulted in the child attending three different schools within only a few years. Although we agree with the court that the father should take a greater role in the child's education, the record of the hearing established that he made arrangements for daycare and schooling in anticipation of obtaining physical custody of the child, and he provided books and toys for the child, spent time playing with him and took him to the park.

With respect to the third factor, i.e., the financial status and ability of each parent to provide for the child, the evidence presented at the hearing demonstrated that the father has a steady income. The evidence further demonstrated, however, that the mother had been unemployed for several years and that her income consisted only of public assistance.

With respect to the fourth factor, i.e., the relative fitness of the respective parents and the length of time the present custody arrangement has been in effect, the evidence presented at the hearing established that the mother is a caring parent but that she is committed to living with a paramour she knows to be potentially dangerous and who has a history of domestic violence. The father, however, has provided a safe home environment for the child.

We further conclude that the mother failed to preserve for our review her contention that the court erred in considering certain police reports regarding her current paramour (*see generally Matter of Matthews v Matthews*, 72 AD3d 1631, 1632, *lv denied* 15 NY3d 704). In any event, any such error is harmless inasmuch as we engaged in an independent review of the record and did not rely on those reports in reaching our determination (*see generally id.*). Even assuming, arguendo, that we agree with the mother that the court erred in considering certain probation reports that were not admitted in

evidence, we conclude that such error is also harmless inasmuch as we did not consider those probation records in reaching our determination (*see generally id.*).

Entered:  April 29, 2011                    Patricia L. Morgan
                                           Clerk of the Court