# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**950**
**CAF 11-01877**
PRESENT: SCUDDER, P.J., CENTRA, SCONIERS, AND MARTOCHE, JJ.

---

IN THE MATTER OF GREGORY A. KAIRIS,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

BELINDA A. SMITH KAIRIS, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF
COUNSEL), FOR PETITIONER-RESPONDENT.

LISA A. GILELS, ATTORNEY FOR THE CHILD, SYRACUSE, FOR KIERRA A.K.

---------------------------------------------------------------------------------

Appeal from an order of the Family Court, Onondaga County (Gina
M. Glover, R.), entered May 12, 2011 in a proceeding pursuant to
Family Court Act article 6.  The order, among other things, awarded
petitioner sole legal custody of his daughter.

It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by vacating ordering paragraphs one
through six, granting primary physical custody to respondent, and
granting those parts of the petition seeking joint legal custody and
unsupervised visitation and as modified the order is affirmed without
costs, and the matter is remitted to Family Court, Onondaga County, to
fashion an unsupervised visitation schedule for petitioner in
accordance with the following Memorandum:  Respondent mother appeals
from an order modifying the parties' existing custody arrangement.
Pursuant to the parties' 2008 judgment of divorce, which incorporated
their 2001 settlement agreement, the parties had joint legal custody
of their child, with primary physical custody with the mother and
unsupervised visitation with petitioner father.  Based on an incident
involving substance abuse by the father, however, Family Court
modified that custody arrangement 15 months prior to the instant
hearing by granting the mother sole legal and physical custody, with
supervised visitation with the father.  By the order on appeal, based
on a petition brought by the father approximately four months after
the court's custody modification, the court again modified the custody
arrangement, granting him sole legal and primary physical custody of
the parties' child and visitation with the mother.  We note that, in
awarding the father sole legal and primary physical custody of the
child, the court granted the father relief that was not sought in the
petition.  Rather, the father sought, at most, "50/50 custody" and

"50/50 unsupervised visit[ation]," which we construe as meaning joint legal and physical custody.  We further note that, although the court failed "to set forth 'the facts it deems essential' and upon which its determination is based" (*Matter of Whitaker v Murray*, 50 AD3d 1185, 1186, quoting CPLR 4213 [b]; *see generally* Family Ct Act § 165 [a]), remittal of the matter is not required inasmuch as the record is sufficient to allow for effective appellate review (*cf. Matter of Bradbury v Monaghan*, 77 AD3d 1424, 1425).

We agree with the mother that the court erred in awarding sole legal and primary physical custody of the parties' child to the father.  Although we conclude that the father made a sufficient evidentiary showing of a change in circumstances to warrant an inquiry into whether the existing custody arrangement should be modified (*see Matter of Hughes v Davis*, 68 AD3d 1674, 1675), we nevertheless conclude that it is in the best interests of the child for the mother to retain primary physical custody (*see generally Matter of Louise E.S. v W. Stephen S.*, 64 NY2d 946, 947).  The record establishes that, throughout the child's life, the mother has been the child's primary caregiver (*see Sitts v Sitts*, 74 AD3d 1722, 1723, *lv dismissed* 15 NY3d 833, *lv denied* 18 NY3d 801).  There is no basis in the record to support the conclusion that the mother was unfit or less fit than the father, and " 'the relative fitness of the respective parents' " is a factor to consider in determining whether a change in physical custody is appropriate (*Matter of Maher v Maher*, 1 AD3d 987, 989).  Evidence was presented that, at the time of the hearing, the mother and the child argue often and that the child desired to live with the father. However, there was evidence that the child relied on the mother when she was sick and that she did not rely on the father in the same way. Furthermore, as previously noted, the father was restricted to supervised visitation resulting from substance abuse (*see Matter of Kristi L.T. v Andrew R.V.*, 48 AD3d 1202, 1205, *lv denied* 10 NY3d 716). While the father submitted evidence sufficient to show that he has been sober and has sought help for his substance abuse issues, the record does not support the drastic change from supervised visitation to sole legal and primary physical custody.  We conclude, however, that it is in the best interests of the child to modify the existing custody arrangement by granting joint legal custody to the parties, with unsupervised visitation with the father.  We therefore modify the order accordingly, and we remit the matter to Family Court to fashion an appropriate unsupervised visitation schedule for the father.

We have examined the mother's remaining contention, i.e., that she was deprived of the right to counsel, and conclude that it lacks merit.

Entered:  September 28, 2012                      Frances E. Cafarell
                                                 Clerk of the Court