# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**232**

**CAF 12-01649**

PRESENT: CENTRA, J.P., FAHEY, CARNI, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF DANIEL O'CONNELL,
PETITIONER-RESPONDENT,

V                                                    MEMORANDUM AND ORDER

MARY O'CONNELL, RESPONDENT-APPELLANT.

---

FLAHERTY & SHEA, BUFFALO (MICHAEL J. FLAHERTY OF COUNSEL), FOR
RESPONDENT-APPELLANT.

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (DENIS A. SCINTA OF COUNSEL),
FOR PETITIONER-RESPONDENT.

REBECCA J. TALMUD, ATTORNEY FOR THE CHILDREN, WILLIAMSVILLE.

---

Appeal from an order of the Family Court, Erie County (Kevin M. Carter, J.), entered December 9, 2011 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, awarded petitioner primary physical custody of the parties' youngest child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this proceeding seeking an order modifying the parties' existing custody arrangement with respect to their children, who were 15 and 13 years old at the time of the hearing. Pursuant to their judgment of divorce, which incorporated the terms of their oral stipulation, the parties shared joint legal custody of their children, but respondent mother had primary physical custody and the father had unsupervised visitation. After a hearing, Family Court issued an order directing, inter alia, that the mother maintain primary physical custody of the older child and that the father have primary physical custody of the younger child. The mother appeals, and we affirm.

Contrary to the mother's contention, the father met his burden of establishing " 'a change in circumstances sufficient to warrant an inquiry into whether the best interests of the [children] warranted a change in custody' " (*Matter of Dingeldey v Dingeldey,* 93 AD3d 1325, 1326*; see Matter of York v Zullich*, 89 AD3d 1447, 1448; *Matter of Hughes v Davis*, 68 AD3d 1674, 1675; *Matter of Perry v Korman*, 63 AD3d 1564, 1565). Here, the mother's testimony at the hearing established that her relationship with the younger child had become strained due to the mother's inability to communicate effectively with that child.

The court, after considering that testimony, as well as the mother's demeanor, properly concluded that there was a change in circumstances concerning both children inasmuch as the mother had become less fit than the father with respect to her ability to effectively communicate with the children (*see Matter of Dorsa v Dorsa*, 90 AD3d 1046, 1046-1047; *see also Matter of Burch v Willard*, 57 AD3d 1272, 1273; *see generally Eschbach v Eschbach*, 56 NY2d 167, 174).

With respect to the best interests analysis, we note that " '[a] change of custody should be made only if the totality of the circumstances warrants a change that is in the best interests of the child' . . . 'Among the factors to be considered are the quality of the home environment and the parental guidance the custodial parent provides for the child . . . , the ability of each parent to provide for the child's emotional and intellectual development . . . , the financial status and ability of each parent to provide for the child . . . , the relative fitness of the respective parents, and the length of time the present custody arrangement has been in effect' " (*Matter of Maher v Maher*, 1 AD3d 987, 988-989; *see Fox v Fox*, 177 AD2d 209, 210). "In determining whether the custodial parent can continue to provide for the child's various needs, the court must be cognizant of the individual needs of each child. It is, of course, entirely possible that a circumstance such as a total breakdown in communication between a parent and child that would require a change in custody would be applicable only as to the best interests of one of several children" (*Eschbach*, 56 NY2d at 172), although "sibling relationships should not be disrupted 'unless there is some overwhelming need to do so' " (*White v White*, 209 AD2d 949, 950, *lv dismissed* 85 NY2d 924; *see Maher*, 1 AD3d at 989). "[A] court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (*Matter of Marino v Marino*, 90 AD3d 1694, 1695 [internal quotation marks omitted]; *see Matter of Green v Mitchell*, 266 AD2d 884, 884).

Here, the parties vary only in their ability "to provide for the child's emotional and intellectual development" (*Maher*, 1 AD3d at 989), and the court implicitly concluded that the mother was the less fit parent with respect to that factor (*see Eschbach*, 56 NY2d at 174). The court determined that it was in the best interests of the younger child to reside with the father because of the stress caused by the mother's interactions with her, but that it was in the best interests of the older child to continue residing with the mother because she had learned to cope with her mother's personality. "Although the separation of siblings is unfortunate" (*Maher*, 1 AD3d at 989), here the children have different needs. Indeed, this "is one of those rare cases where the breakdown in communication between the parent and child that would require a change of custody is 'applicable only as to the best interests of one of [two] children' " (*Gary D.B. v Elizabeth C.B.*, 281 AD2d 969, 971, quoting *Eschbach*, 56 NY2d at 172). Additionally, the children attend the same school and, pursuant to the visitation schedule, the children will spend time together at each party's house during the week and every weekend. The record here

supports the court's determination that it is in the best interests of the younger child to reside with the father because of the antagonistic relationship between that child and the mother, despite her separation from her sibling (*see Dorsa*, 90 AD3d at 1047; *Maher*, 1 AD3d at 989; *Gary D.B.*, 281 AD2d at 971; *cf. White*, 209 AD2d at 951; *Fox*, 177 AD2d at 213).

Entered:  April 26, 2013                    Frances E. Cafarell
                                            Clerk of the Court