# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

748

CAF 14-02146

PRESENT: SCUDDER, P.J., CENTRA, PERADOTTO, LINDLEY, AND WHALEN, JJ.

---

IN THE MATTER OF CHRISTOPHER J. SCHIEBLE, SR.,
PETITIONER-APPELLANT,

V                                                   MEMORANDUM AND ORDER

MICHELE R. SWANTEK, RESPONDENT-RESPONDENT.

---

MEADE H. VERSACE, ROME, FOR PETITIONER-APPELLANT.

DIANE MARTIN-GRANDE, ROME (LUCILLE M. RIGNANESE OF COUNSEL), FOR
RESPONDENT-RESPONDENT.

JOHN G. KOSLOSKY, ATTORNEY FOR THE CHILD, UTICA.

-------------------------------------------------------------------------------

Appeal from an order of the Family Court, Oneida County (Joan E.
Shkane, J.), entered March 20, 2014 in a proceeding pursuant to Family
Court Act article 6. The order, among other things, continued sole
legal custody and primary physical custody of the child with
respondent.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to Family Court
Act article 6, petitioner father appeals from an order that denied his
petition to modify a prior custody order that awarded sole legal
custody and primary physical custody of the parties' child to
respondent mother, except to the extent that the father was awarded
additional visitation. Although we agree with the father that Family
Court properly determined that there was a change in circumstances
based on, inter alia, "incidents of domestic violence in the mother's
household" (*Matter of Pecore v Blodgett*, 111 AD3d 1405, 1405, *lv
denied* 22 NY3d 864), we reject his contention that the court erred in
determining that the existing custodial arrangement is in the child's
best interests.

The father acknowledged at the hearing that the sole basis for
his modification petition was that the mother was the victim of
domestic abuse at the hands of her former boyfriend, with whom she had
lived for several years. According to the father, the incidents of
domestic violence in the mother's home rendered it unsafe for the
child to reside there. The evidence at the hearing established,
however, that the mother filed criminal charges against her abusive
former boyfriend and obtained an order of protection against him. As

a result, he no longer resides with the mother and has no relationship with her.  The father otherwise had no issues with the mother's custody, and the record establishes that the 11-year old child had primarily resided with the mother for most of his life.  Under the circumstances, and because the child appears to be thriving under the existing custodial arrangement, we conclude that the court's refusal to modify the existing arrangement is supported by a sound and substantial basis in the record and thus should not be disturbed (*see Wideman v Wideman*, 38 AD3d 1318, 1319).

Entered:  June 19, 2015                          Frances E. Cafarell
                                                 Clerk of the Court