# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**57**

**CAF 15-01261**

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND CURRAN, JJ.

---

IN THE MATTER OF JACOB R. BELCHER,
PETITIONER-RESPONDENT,

V                                                            MEMORANDUM AND ORDER

MONICA A. MORGADO, RESPONDENT-APPELLANT.

---

CHARLES J. GREENBERG, AMHERST, FOR RESPONDENT-APPELLANT.

ASHLEY N. LYON, ATTORNEY FOR THE CHILD, ADAMS.

---

Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered July 9, 2015 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted custody of the subject child to petitioner.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this custody proceeding pursuant to Family Court Act article 6, respondent mother appeals from an order, entered after a hearing, that modified a prior order by awarding petitioner father custody of the parties' child. Contrary to the mother's contention, we conclude that the father established a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the child (*see Matter of Elniski v Junker*, 142 AD3d 1392, 1392-1393; *Matter of Schieble v Swantek*, 129 AD3d 1656, 1657). The mother admitted at the hearing that she was arrested for assault in the second degree and spent about two weeks in jail following an incident with her former boyfriend that occurred with the child asleep in the home (*see Matter of Fountain v Fountain*, 130 AD3d 1107, 1107-1108; *Matter of Bell v Raymond*, 67 AD3d 1410, 1411; *see generally Matter of Pecore v Blodgett*, 111 AD3d 1405, 1405-1406, *lv denied* 22 NY3d 864). Even accepting the assertion in the mother's brief that she was sentenced to time served and probation upon pleading guilty to the assault charge subsequent to the custody hearing, we reject her contention that the arrest has "no current bearing" on this proceeding, inasmuch as the underlying incident is plainly relevant to her fitness as a parent (*see generally Matter of Jeker v Weiss*, 77 AD3d 1069, 1072-1073).

Although Family Court should have made explicit findings concerning the best interests of the child, the record is sufficiently complete for us to make our own findings (*see Matter of Howell v*

*Lovell*, 103 AD3d 1229, 1231; *Matter of Moore v Kazacos*, 89 AD3d 1546, 1546, *lv denied* 18 NY3d 806), and we are satisfied that the award of custody to the father is in the child's best interests in view of the evidence of domestic violence at the mother's home (*see Pecore*, 111 AD3d at 1406; *Matter of Brothers v Chapman*, 83 AD3d 1598, 1599-1600, *lv denied* 17 NY3d 707; *cf. Schieble*, 129 AD3d at 1657).  Notably, the court found the mother's testimony that she no longer had any relationship with her former boyfriend to be "not entirely credible," and we perceive no basis for disturbing that credibility determination (*see Matter of Sanchez v Rexhepi*, 138 AD3d 869, 869; *Howell*, 103 AD3d at 1231).

Entered:  February 3, 2017                    Frances E. Cafarell
                                              Clerk of the Court