■ In the Matter of GLENN A. GARTNER, Respondent, v KERA H. REED, Appellant. ROGER B. WILLIAMS, Attorney for the Child, Appellant. [63 NYS3d 779]—

Appeals from an order of the Family Court, Oswego County (Kimberly M. Seager, J.), entered August 18, 2016 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, granted petitioner sole legal and physical custody of the subject child.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner father commenced this proceeding seeking custody of his child with respondent mother, and the mother and the Attorney for the Child (AFC) appeal from an order that, inter alia, granted sole legal and physical custody of the child to the father. We affirm. A year after the child was born, the parties stipulated that the mother would have sole legal and physical custody of the child, and the father shortly thereafter moved first to Delaware and then to New Jersey, where he currently resides. The mother, an admitted drug user who has been incarcerated for petit larceny, relied on her grandmother to care for the child and her four other children. Neglect proceedings were brought against the mother in 2015 based on her drug use, and the father sought custody of the child in May 2016.

Inasmuch as the father was not the custodial parent when he relocated to New Jersey and when he filed his petition seeking custody, we reject the contention of the mother and the AFC that Family Court should have applied the factors set forth in *Matter of Tropea v Tropea* (87 NY2d 727, 740-741 [1996]), which defines "the scope and nature of the inquiry that should be made in cases where a *custodial parent* proposes to relocate and seeks judicial approval of the relocation plan" (*id.* at 732 [emphasis added]; *see Matter of Daniel R. v Liza R.*, 309 AD2d 714, 714 [1st Dept 2003]). As the court here properly recognized, however, the relocation of the child to New Jersey was an issue for it to consider in determining whether custody to the father was in the child's best interests (*see Matter of Zwack v Kosier*, 61 AD3d 1020, 1022-1023 [3d Dept 2009], *lv denied* 13 NY3d 702 [2009]). We afford great deference to the court's custody determination and decline to disturb it where, as here, it is supported by a sound and substantial basis in the record (*see Matter of Ladd v Krupp*, 136 AD3d 1391, 1393 [4th Dept 2016]). The father inexcusably had no contact with the child once he moved away, and only recently regained contact with him around the time he sought custody of the child. Nevertheless, the father showed through his testimony that he wanted to remedy that absence and was prepared to care for

the child, who lived with him for several weeks before the hearing began. We agree with the court that the fitness of the father, the quality of his home environment, and the parental guidance he would be able to provide for the child were superior to that of the mother (*see generally Matter of O'Connell v O'Connell*, 105 AD3d 1367, 1367-1368 [4th Dept 2013]). We reject the contention of the mother and the AFC that the court erred in discounting the child's wishes. The child's wishes were simply a factor to consider, and the court concluded that the wishes of the 11-year-old child were not entitled to great weight where it appeared that they were due at least in part to the lack of discipline in the homes of the mother and grandmother (*see generally Fox v Fox*, 177 AD2d 209, 211 [4th Dept 1992]). Present—Whalen, P.J., Centra, Lindley, Troutman and Winslow, JJ.