Matter of Edmonds v Lewis (2019 NY Slip Op 06316)





Matter of Edmonds v Lewis


2019 NY Slip Op 06316


Decided on August 22, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 22, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, DEJOSEPH, TROUTMAN, AND WINSLOW, JJ.


655 CAF 17-01458

[*1]IN THE MATTER OF LEONARD S. EDMONDS, PETITIONER-RESPONDENT,
v
HANEEFAH LEWIS, RESPONDENT-APPELLANT. 






BRIDGET L. FIELD, ROCHESTER, FOR RESPONDENT-APPELLANT.
PAUL B. WATKINS, FAIRPORT, FOR PETITIONER-RESPONDENT. 
MARK A. SCHLECHTER, ROCHESTER, ATTORNEY FOR THE CHILD. 


 Appeal from an order of the Family Court, Monroe County (Joseph G. Nesser, J.), entered July 13, 2017 in a proceeding pursuant to Family Court Act article 6. The order, among other things, granted petitioner sole custody of the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by vacating the second ordering paragraph to the extent that it delegates authority to determine the duration and frequency of respondent's supervised visitation and as modified the order is affirmed without costs and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In this Family Court Act article 6 proceeding, respondent mother appeals from an order that, inter alia, granted after a hearing the petition of petitioner father seeking to modify a prior joint custody order by granting him sole custody of the subject child with supervised visitation to the mother. The parties are the parents of a child born in 2012. In October 2015, they stipulated to a joint custody order that granted primary physical residence of the child to the father and visitation to the mother. The mother's visitation was suspended in May 2016, following the child's disclosure of sexual abuse by the mother's boyfriend. After the mother agreed to keep her boyfriend away from the child, Family Court granted the mother supervised visitation. In December 2016, however, the court temporarily suspended that visitation and, although a referral was thereafter made to a supervising agency for supervision of the mother's visits with the child, there was a nine-month waiting list. As of March 2017, the mother's visitation had not resumed.
On appeal, the mother contends that the Attorney for the Child (AFC) improperly substituted her judgment for that of the child by advocating a position that was contrary to the child's express wishes. As the mother correctly concedes, however, her contention is not preserved for our review because she made no motion to remove the AFC (see Matter of Mason v Mason, 103 AD3d 1207, 1207-1208 [4th Dept 2013]; Matter of Swinson v Dobson, 101 AD3d 1686, 1687 [4th Dept 2012], lv denied 20 NY3d 862 [2013]). In any event, the mother's contention lacks merit. An AFC "must zealously advocate the child's position . . . even if the [AFC] believes that what the child wants is not in the child's best interests," unless the AFC "is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [2], [3]). Here, the record supports a finding that the child, who was five years old at the time of the hearing, "lack[ed] the capacity for knowing, voluntary and considered judgment" (22 NYCRR 7.2 [d] [3]; see Matter of Eastman v Eastman, 118 AD3d 1342, 1343 [4th Dept 2014], lv denied 24 NY3d 910 [2014]) and that another outcome would have placed the child at risk (see Matter of Isobella A. [Anna W.], 136 AD3d 1317, 1320 [4th Dept 2016]).
We reject the mother's additional contention that there is not a sound and substantial [*2]basis in the record to support the court's determination that it was in the child's best interests to award the father sole custody. In making a custody determination, " the court must consider all factors that could impact the best interests of the child, including the existing custody arrangement, the current home environment, the financial status of the parties, the ability of [the parties] to provide for the child's emotional and intellectual development and the wishes of the child . . . No one factor is determinative because the court must review the totality of the circumstances' " (Sheridan v Sheridan, 129 AD3d 1567, 1568 [4th Dept 2015]; see Eschbach v Eschbach, 56 NY2d 167, 171-172 [1982]). A court's evaluation of a child's best interests is entitled to great deference and will not be disturbed as long as it is supported by a sound and substantial basis in the record (see Sheridan, 129 AD3d at 1568; Matter of Thillman v Mayer, 85 AD3d 1624, 1625 [4th Dept 2011]).
Although the court did not specify the factors it relied on in conducting its best interests analysis (see Matter of Howell v Lovell, 103 AD3d 1229, 1231 [4th Dept 2013]), "[o]ur authority in determinations of custody is as broad as that of Family Court . . . and where, as here, the record is sufficient for this Court to make a best interests determination . . . , we will do so in the interests of judicial economy and the well-being of the child" (Matter of Bryan K.B. v Destiny S.B., 43 AD3d 1448, 1450 [4th Dept 2007]; see Howell, 103 AD3d at 1231; see also Matter of Butler v Ewers, 78 AD3d 1667, 1667 [4th Dept 2010]; see generally Matter of Louise E.S. v W. Stephen S., 64 NY2d 946, 947 [1985]).
Here, there is a sound and substantial basis in the record to support the court's determination that it was in the child's best interests to award sole custody of the child to the father (see generally Matter of Jeremy J.A. v Carley A., 48 AD3d 1035, 1036 [4th Dept 2008]). The mother's refusal to believe the child's disclosure of sexual abuse and her continued commitment to the alleged abuser rendered her unfit to have custody of the child (see generally Matter of Kairis v Kairis, 98 AD3d 1281, 1282 [4th Dept 2012], lv denied 20 NY3d 853 [2012]; Matter of Peet v Parker, 23 AD3d 940, 941 [3d Dept 2005]). Additionally, the record establishes that the quality of the home environment of the father is superior to that of the mother inasmuch as the mother resides in a one-bedroom apartment with the alleged abuser (see Matter of Braga v Bell, 151 AD3d 1924, 1925-1926 [4th Dept 2017], lv denied 30 NY3d 905 [2017]). The record also establishes that the father, who was attentive to the child's disclosures of abuse, is better able to provide for the child's emotional and intellectual development (see generally Matter of Caughill v Caughill, 124 AD3d 1345, 1347 [4th Dept 2015]) and that the court's determination aligns with the child's desires.
We further reject the mother's contention that the court erred in directing that her visitation be supervised. "Supervised visitation is a matter left to the sound discretion of the court and will not be disturbed where . . . there is a sound and substantial basis in the record to support such visitation" (Matter of Vieira v Huff, 83 AD3d 1520, 1521 [4th Dept 2011]). Here, the record establishes that the mother repeatedly put the child at risk by violating court orders (see generally Matter of Rosario WW. v Ellen WW., 309 AD2d 984, 986 [3d Dept 2003]) and by permitting the alleged abuser to have access to the child (see Matter of Cory O. v Katie P., 162 AD3d 1136, 1138-1139 [3d Dept 2018]). Thus, we conclude that there is a sound and substantial basis in the record for the court's determination to impose supervised visitation (see generally Matter of Joyce S. v Robert W.S., 142 AD3d 1343, 1344 [4th Dept 2016], lv denied 29 NY3d 906 [2017]; Vieira, 83 AD3d at 1521).
Nevertheless, the court failed to set a supervised visitation schedule and it is unclear from the order whether the court intended to delegate its authority to set such a schedule to the parties or to the supervising agency (see generally Matter of Bonthu v Bonthu, 67 AD3d 906, 907 [2d Dept 2009], lv dismissed 14 NY3d 852 [2010]). Under either interpretation, we conclude that the court erred inasmuch as the record demonstrates that an order directing supervised visitation as mutually agreed by the parties would be untenable under the circumstances (see generally Matter of Kelley v Fifield, 159 AD3d 1612, 1613-1614 [4th Dept 2018]; Matter of Pierce v Pierce, 151 AD3d 1610, 1611 [4th Dept 2017], lv denied 30 NY3d 902 [2017]) and delegation of the court's authority to set a visitation schedule to a supervising agency is improper (see Matter of Ordona v Cothern, 126 AD3d 1544, 1545-1546 [4th Dept 2015]; Matter of Green v Bontzolakes, 111 AD3d 1282, 1284 [4th Dept 2013]). We therefore modify the order accordingly and remit the matter to Family Court to fashion an appropriate schedule for supervised visitation in accordance with the best interests of the child.
Entered: August 22, 2019
Mark W. Bennett
Clerk of the Court