Matter of Hudson v Carter (2024 NY Slip Op 03615)

Matter of Hudson v Carter

2024 NY Slip Op 03615

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, OGDEN, DELCONTE, AND HANNAH, JJ.

319 CAF 23-00919

[*1]IN THE MATTER OF KHALIK A. HUDSON, PETITIONER-APPELLANT,
v
PERSIA CARTER, RESPONDENT-RESPONDENT.

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (TONYA PLANK OF COUNSEL), FOR PETITIONER-APPELLANT. 
MARY HOPE BENEDICT, BATH, ATTORNEY FOR THE CHILDREN.

Appeal from an order of the Family Court, Monroe County (Julie Anne Gordon, R.), entered March 28, 2023, in a proceeding pursuant to Family Court Act article 6. The order, insofar as appealed from, denied the petition for a modification of visitation with respect to the subject children. 
It is hereby ORDERED that the order insofar as appealed from is unanimously reversed on the law without costs, the first ordering paragraph is vacated, the petition is granted, and the matter is remitted to Family Court, Monroe County, for further proceedings in accordance with the following memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner father appeals, as limited by his brief, from an order insofar as it denied his petition seeking to modify the parties' prior order of custody, pursuant to which the father was granted supervised visitation twice a week. Contrary to the father's contention, he was not denied due process by Family Court's consideration of evidence outside the record, specifically orders of protection issued against him. Pursuant to Family Court Act § 651 (e) (3) (ii), the court is required to conduct a review of "reports of the statewide computerized registry of orders of protection."
We agree with the father, however, that the court erred in concluding that he did not establish a change in circumstances sufficient to warrant inquiry into whether modification of the existing visitation arrangement would be in the best interests of the children (see generally Matter of Peay v Peay, 156 AD3d 1358, 1360 [4th Dept 2017]). The prior order provided "that sufficient compliance with [the] order for a period of six (6) months will constitute a change of circumstances for [f]ather to re[-]petition for additional visitation time and overnights." The father testified that he had been exercising his visitation consistently until the mother moved to Arizona with the children, an assertion that went unchallenged during the hearing. We conclude that the father established a change in circumstances based on his compliance with the terms of the prior order. We also conclude that the mother's relocation without permission constituted a change in circumstances because it resulted in a substantial interference with the father's visitation rights (see Matter of Dubiel v Schaefer, 108 AD3d 1093, 1093-1094 [4th Dept 2013]; see generally Matter of Grover v Grover, 144 AD2d 852, 853 [3d Dept 1988]).
Based on the record before us, we further conclude that modification of the father's visitation schedule to include in-person visitation would serve the children's best interests (see Matter of Belcher v Morgado, 147 AD3d 1335, 1336 [4th Dept 2017]; Williams v Williams, 100 AD3d 1347, 1349 [4th Dept 2012]). We therefore reverse the order insofar as appealed from and grant the petition, and we remit the matter to Family Court to fashion an appropriate in-person visitation schedule in accordance with the best interests of the children, following a hearing if necessary.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court