Matter of Failing v Clark (2024 NY Slip Op 03655)

Matter of Failing v Clark

2024 NY Slip Op 03655

Decided on July 3, 2024

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 3, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND NOWAK, JJ.

503 CAF 23-00051

[*1]IN THE MATTER OF SAHVANNA FAILING, PETITIONER-RESPONDENT,
v
WILLIAM F. CLARK, III, RESPONDENT-APPELLANT.

STEPHANIE R. DIGIORGIO, UTICA, FOR RESPONDENT-APPELLANT.
STACEY L. SCOTTI, UTICA, ATTORNEY FOR THE CHILD.

Appeal from a corrected order of the Supreme Court, Oneida County (Randal B. Caldwell, A.J.), entered December 19, 2022, in a proceeding pursuant to Family Court Act article 6. The corrected order, inter alia, granted petitioner sole legal custody and primary physical residence of the subject child. 
It is hereby ORDERED that the corrected order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent father appeals from a corrected order that, inter alia, granted petitioner mother's petition by awarding her sole legal custody and primary physical residence of the subject child and granted the father supervised visitation. The father contends that Supreme Court failed to make sufficient factual findings to support its determination. We reject that contention. "It is well established that the court is obligated to 'set forth those facts essential to its decision' " (Matter of Rocco v Rocco, 78 AD3d 1670, 1671 [4th Dept 2010]; see CPLR 4213 [b]; Family Ct Act § 165 [a]; Matter of Brown v Orr, 166 AD3d 1583, 1583 [4th Dept 2018]). The corrected order appealed from was an initial custody determination with respect to the parties' 10-month-old child. The parties separated and the father moved out of the residence when the child was two months old, after an altercation between the parties. In addition to the custody petition, the mother filed a family offense petition against the father and obtained a temporary order of protection. Since that time, the father had only supervised visitation with the child pursuant to a temporary order of custody. In the circumstances of this case, we conclude that the court set forth the facts essential to its decision, i.e., that the father "dr[a]nk alcohol to excess," committed a family offense against the mother, and violated the temporary order of protection.
Even assuming, arguendo, that the court failed to set forth sufficient findings of fact to support its determination, the record is sufficiently complete for us to make our own findings with regard to whether the custody determination is in the best interests of the child (see Matter of Belcher v Morgado, 147 AD3d 1335, 1336 [4th Dept 2017]; Matter of Brandon v King, 137 AD3d 1727, 1727-1728 [4th Dept 2016], lv denied 27 NY3d 910 [2016]; Matter of Brothers v Chapman, 83 AD3d 1598, 1598 [4th Dept 2011], lv denied 17 NY3d 707 [2011]). Upon our review of the record and the relevant factors (see generally Eschbach v Eschbach, 56 NY2d 167, 171-174 [1982]; Fox v Fox, 177 AD2d 209, 210 [4th Dept 1992]), we conclude that the award of sole legal custody and primary physical residence to the mother and supervised visitation to the father is in the best interests of the child.
Entered: July 3, 2024
Ann Dillon Flynn
Clerk of the Court