In the Matter of JULIET M., an Infant. ANNE M., Appellant; Francis M., Respondent. [790 NYS2d 668]—

Judgment (denominated an order), Family Court, Bronx County (Allen Alpert, J.), entered on or about December 18, 2001, awarding custody of the subject child to the father, and bringing up for review an order, same court and Judge, entered on or about June 14, 2000, which denied the mother's motion for letters rogatory, unanimously affirmed, without costs. Appeal from decision, same court and Judge, dated February 7, 2002, unanimously dismissed, without costs, as taken from a nonappealable paper. Order, same court and Judge, entered on or about June 23, 2003, which denied the mother's motion to reargue and renew the award of custody to the father, deemed to have granted renewal and adhered to the award of custody to the father, and, so considered, unanimously affirmed, without costs.

Custody was properly awarded to the father upon a showing that the mother's extreme anger and antagonism toward the father, which she regularly expressed in the child's presence,

was damaging to the child's emotional health and well-being, and that for this and other reasons the father is the parent better able to protect and properly care for the child. Pursuant to Family Court's credibility findings, which we have no basis to question (*see Matter of Brittni K.*, 297 AD2d 236, 237-238 [2002]), the evidence paints a picture of the mother as consistently behaving in a manner contrary to the child's best interests. From early on, when she prevented the young child from napping prior to the scheduled visits with her father in order to cause her to be tired and cranky during the visits, the mother has persisted in interfering with the father's relationship with the child (*see Matter of Michael C.*, 282 AD2d 407 [2001], *lv denied* 96 NY2d 722 [2001]).

Family Court properly found the mother not credible and rejected as unsubstantiated her claims that the father was a sexual predator and a perpetrator of domestic violence. Indeed, the mother's former friend credibly testified that the mother had primarily viewed the sex abuse claim brought against the father by his brother as a useful means of preventing the father from obtaining visitation. Family Court also properly refused the mother's request, made late in the hearing, for letters rogatory, in order to procure evidence of the father's alleged sexual abuse of his brother. The evidence sought involved events that took place many years ago and thus appeared to have little bearing on the issue of parental fitness, raised issues of credibility that appeared to go against the mother, and was known to the mother before the hearing began.

The mother's claim that the Law Guardian failed to provide meaningful representation and act in the child's best interests was not preserved by a motion to remove the Law Guardian (*see Matter of Nicole VV.*, 296 AD2d 608, 613 [2002], *lv denied* 98 NY2d 616 [2002]), and we decline to review it. The letter from the supervisor employed by the Administration for Children's Services, submitted by the mother in support of her motion to renew, for the most part contains only inadmissible hearsay, and otherwise is not sufficiently probative of parental fitness to warrant a reopening of the hearing (CPLR 2221 [e] [2]). We have considered and rejected the mother's other arguments. Concur—Saxe, J.P., Marlow, Ellerin, Nardelli and Sweeny, JJ.