# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1397**
**CAF 11-01325**
PRESENT: SCUDDER, P.J., CENTRA, FAHEY, CARNI, AND VALENTINO, JJ.

---

IN THE MATTER OF SCOTT T. SWINSON,
PETITIONER-RESPONDENT,

                    V                        MEMORANDUM AND ORDER

STAR DOBSON, RESPONDENT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF
COUNSEL), FOR RESPONDENT-APPELLANT.

AMDURSKY, PELKY, FENNELL & WALLEN, P.C., OSWEGO (COURTNEY S. RADICK OF
COUNSEL), FOR PETITIONER-RESPONDENT.

CHARLES H. CIESZESKI, ATTORNEY FOR THE CHILD, FULTON, FOR JORDAN S.

---

Appeal from an order of the Family Court, Oswego County (Spencer
J. Ludington, A.J.), entered June 20, 2011 in a proceeding pursuant to
Family Court Act article 6. The order granted the petition.

It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

Memorandum: Respondent mother appeals from an order that,
following a hearing, granted the petition seeking to modify the
custody provisions of a stipulated order and awarded primary physical
custody of the parties' child to petitioner father and visitation to
the mother. Contrary to the mother's contention, we conclude that
Family Court's best interests determination is supported by a sound
and substantial basis in the record and that the court did not abuse
its discretion in awarding primary physical custody to the father (*see
generally Eschbach v Eschbach*, 56 NY2d 167, 173-174; *Matter of Misty
D.B. v David M.S.*, 38 AD3d 1317, 1317; *Matter of Green v Mitchell*, 266
AD2d 884, 884). Although the court noted some concern about the
mother's unstable work schedule and its resultant effect on the child,
the court was not thereby giving the mother "a Hobson's choice between
livelihood and parenthood" (*Linda R. v Richard E.*, 162 AD2d 48, 55).
Rather, the court paid particular attention to the express wishes of
the child and the realities of each parent's home environment. The
court addressed all of the appropriate factors before determining that
the father should be awarded primary physical custody (*see Fox v Fox*,
177 AD2d 209, 210), and we afford the court's determination "great
deference" (*Green*, 266 AD2d at 884).

The mother further contends that the Attorney for the Child (AFC)

should have substituted his own judgment for that of the child.  The mother failed to preserve for our review that contention concerning the AFC's representation inasmuch as she made no motion to remove the AFC (*see Matter of Juliet M.*, 16 AD3d 211, 212).  In any event, the mother's contention lacks merit.  "An [AFC] must 'zealously advocate the child's position' . . . and, if the child is 'capable of knowing, voluntary and considered judgment,' must follow the child's wishes 'even if the attorney for the child believes that what the child wants is not in the child's best interests' " (*Matter of Gloria DD. [Brenda DD.]*, 99 AD3d 1044, 1046, quoting 22 NYCRR 7.2 [d] [2]; *see Matter of Mark T. v Joyanna U.*, 64 AD3d 1092, 1093-1094).  There are only two circumstances in which an AFC is authorized to substitute his or her own judgment for that of the child:  "[w]hen the [AFC] is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]; *see Mark T.*, 64 AD3d at 1094).  Neither exception is implicated in this matter (*cf. Matter of Alyson J. [Laurie J.]*, 88 AD3d 1201, 1203, *lv denied* 18 NY3d 803).  We thus conclude that the AFC properly advocated for the wishes of his client.

Entered:  December 21, 2012                    Frances E. Cafarell
                                               Clerk of the Court