# SUPREME COURT OF THE STATE OF NEW YORK
## Appellate Division, Fourth Judicial Department

**29**
**CAF 11-02089**
PRESENT: SMITH, J.P., FAHEY, VALENTINO, WHALEN, AND MARTOCHE, JJ.

---

IN THE MATTER OF PAULA L. MASON,
PETITIONER-APPELLANT,

V                                        MEMORANDUM AND ORDER

AARON G. MASON, RESPONDENT-RESPONDENT.

---

GOODELL & RANKIN, JAMESTOWN (R. THOMAS RANKIN OF COUNSEL), FOR PETITIONER-APPELLANT.

RICHARD L. SOTIR, JR., JAMESTOWN, FOR RESPONDENT-RESPONDENT.

SANDRA FISHER SWANSON, ATTORNEY FOR THE CHILD, JAMESTOWN, FOR KALI A.M.

-------------------------------------------------------------------------

Appeal from an order of the Family Court, Chautauqua County (Judith S. Claire, J.), entered September 15, 2011 in a proceeding pursuant to Family Court Act article 6. The order awarded respondent sole custody of the subject child.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Petitioner mother appeals from an order that modified the parties' joint custody arrangement by granting sole custody of the parties' child to respondent father following a hearing. The mother contends that the Attorney for the Child (AFC) improperly advocated a position that was contrary to the child's express wishes because the AFC failed to state the basis for advocating that contrary position. The mother's contention is not preserved for our review because she made no motion to remove the AFC (*see Matter of Swinson v Dobson*, 101 AD3d 1686, 1687; *Matter of Juliet M.*, 16 AD3d 211, 212). In any event, we conclude that the mother's contention lacks merit. "There are only two circumstances in which an AFC is authorized to substitute his or her own judgment for that of the child: '[w]hen the [AFC] is convinced either that the child lacks the capacity for knowing, voluntary and considered judgment, or that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child' " (*Swinson*, 101 AD3d at 1687, quoting 22 NYCRR 7.2 [d] [3]). The obligation of the AFC, where the AFC is "convinced" that one of those two circumstances is implicated, is to inform the court of the child's wishes, if the child requests that the AFC do so (*see* 22 NYCRR 7.2 [d] [3]), which the AFC did here (*see Matter of Kashif II. v Lataya KK.*, 99 AD3d 1075, 1077).

Moreover, we note that the record supports a finding that the child lacked the capacity for "knowing, voluntary and considered judgment" (22 NYCRR 7.2 [d] [3]; *see generally Matter of Rosso v Gerouw-Rosso*, 79 AD3d 1726, 1728).

Contrary to the mother's further contention, we conclude that the court did not abuse its discretion in denying her request for an adjournment to enable her new attorney to prepare for the hearing (*see Matter of Anthony M.*, 63 NY2d 270, 283-284). We also reject the mother's contention that the denial of her request rendered her attorney's representation ineffective inasmuch as the mother has failed to establish that she received less than meaningful representation or that she suffered actual prejudice as a result of the denial of her request (*see Matter of Tommy R.*, 298 AD2d 967, 968, *lv denied* 99 NY2d 505).

Entered: February 8, 2013                     Frances E. Cafarell
                                              Clerk of the Court