# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

277
CAF 13-00215
PRESENT: SMITH, J.P., FAHEY, LINDLEY, SCONIERS, AND VALENTINO, JJ.

---

IN THE MATTER OF WILFREDO LOPEZ AND SANDRO
LOPEZ, PETITIONERS-RESPONDENTS,

                    V                              MEMORANDUM AND ORDER

JENNIFER LUGO, RESPONDENT-APPELLANT.
---------------------------------------------
IN THE MATTER OF WILFREDO LOPEZ,
PETITIONER-RESPONDENT,

                    V

JENNIFER LUGO, RESPONDENT-APPELLANT.
---------------------------------------------
IN THE MATTER OF JENNIFER LUGO,
PETITIONER-APPELLANT,

                    V

WILFREDO LOPEZ AND SANDRO LOPEZ,
RESPONDENTS-RESPONDENTS.

---

KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR
RESPONDENT-APPELLANT AND PETITIONER-APPELLANT.

STEVEN R. FORTNAM, ATTORNEY FOR THE CHILD, WESTMORELAND.

A.J. BOSMAN, ATTORNEY FOR THE CHILD, ROME.

---

    Appeal from an order of the Family Court, Oneida County (James R.
Griffith, J.), entered January 14, 2013 in a proceeding pursuant to
Family Court Act article 6.  The order, among other things, awarded
sole custody of the subject children to Sandro Lopez.

    It is hereby ORDERED that the order so appealed from is
unanimously affirmed without costs.

    Memorandum: Respondent-petitioner (mother) appeals, as limited
by her notice of appeal, from an order that, inter alia, granted sole
custody of the subject children to petitioner-respondent Sandro Lopez
(father).  Initially, we note that the mother's contentions with
respect to Family Court's denial of a motion by the Attorney for the
Child (AFC) to withdraw from representing one of the subject children
are not before us on this appeal.  The appeal is limited by the

mother's notice of appeal to the issues of custody, parenting time, contact with the mother's husband and a grandparent's visitation, and thus the mother's contentions regarding the court's resolution of the AFC's motion to withdraw are not properly before this Court (*see Gray v Williams*, 108 AD3d 1085, 1087).  In addition, the record on appeal does not contain the AFC's motion to withdraw from representing the subject child.  "It is the obligation of the appellant to assemble a proper record on appeal" (*Gaffney v Gaffney*, 29 AD3d 857, 857), which must include all of the relevant papers that were before the motion court (*see Aurora Indus., Inc. v Halwani*, 102 AD3d 900, 901).  The mother, "as the appellant, submitted this appeal on an incomplete record and must suffer the consequences" (*Matter of Santoshia L.*, 202 AD2d 1027, 1028; *see Matter of Rodriguez v Ward*, 43 AD3d 640, 641; *Le Roi & Assoc. v Bryant*, 309 AD2d 1144, 1145).

The mother failed to preserve for our review her contention that the AFC representing the other subject child "failed to advocate for the [child's] position regarding custody and visitation and thus failed to provide [him] with effective representation" (*Matter of Brown v Wolfgram*, 109 AD3d 1144, 1145; *see Matter of Mason v Mason*, 103 AD3d 1207, 1207-1208).  In any event, the mother's contention that both AFCs failed to provide the subject children with effective representation is without merit.  Although an AFC "must zealously advocate the child's position" (22 NYCRR 7.2 [d]), an exception exists where, as here, the AFC "is convinced . . . that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]; *see Mason*, 103 AD3d at 1208; *Matter of Swinson v Dobson*, 101 AD3d 1686, 1687, *lv denied* 20 NY3d 862).  Both AFCs noted for the court that they were advocating contrary to their respective clients' wishes, and both amply demonstrated the "substantial risk of imminent, serious harm" (22 NYCRR 7.2 [d] [3]), including the mother's arrest for possession of drugs in the children's presence, the numerous weapons that had been seized from the mother's house, and the credible evidence establishing that the mother's husband assaulted one of the subject children who attempted to intervene when the husband attacked the mother with an electrical cord.

Finally, we reject the mother's further contention that there is insufficient evidence supporting the court's determination awarding custody of the subject children to the father, with limited visitation to the mother, and directing that all contact between the mother's husband and the subject children be supervised.  "The court's determination regarding custody and visitation issues, based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record" (*Matter of Samuel L.J. v Sherry H.*, 206 AD2d 886, 886, *lv denied* 84 NY2d 810).  Here, the record supports the court's conclusion that the mother repeatedly violated the court's orders directing her not to discuss the litigation with the subject children, as well as the orders awarding temporary custody of the subject children to their paternal grandfather.  Based on those violations and the dangers to the subject children discussed above, we conclude that the court's determination

with respect to custody, limited visitation and supervised contact is in the best interests of the children (*see generally Eschbach v Eschbach*, 56 NY2d 167, 172-173).