# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1400**
**CAF 14-00970, CAF 14-01081**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

IN THE MATTER OF AALIYAH H.
------------------------------------------------
ONONDAGA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

                                            MEMORANDUM AND ORDER

MARY H. AND ISAIAH H., RESPONDENTS-APPELLANTS.
(APPEAL NO. 1.)

---

STEPHEN L. CIMINO, SYRACUSE, FOR RESPONDENT-APPELLANT MARY H.

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT ISAIAH H.

ROBERT A. DURR, COUNTY ATTORNEY, SYRACUSE (CATHERINE Z. GILMORE OF COUNSEL), FOR PETITIONER-RESPONDENT.

CHRISTOPHER E. BURKE, ATTORNEY FOR THE CHILD, SYRACUSE.

---

Appeals from an order of the Family Court, Onondaga County (Michael L. Hanuszczak, J.), entered May 28, 2014 in a proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b. The order, among other things, terminated respondents' parental rights.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In appeal No. 1, respondents appeal from an order in a proceeding pursuant to Family Court Act article 6 and Social Services Law § 384-b that terminated their parental rights with respect to their child. In appeal No. 2, respondent mother appeals from an order in a similar proceeding terminating her parental rights with respect to another child.

Contrary to the contentions of respondents in both appeals, Family Court properly terminated their parental rights with respect to their child in appeal No. 1, and the mother's child in appeal No. 2, on the ground of permanent neglect. Respondents admitted that they permanently neglected their respective children, and the record of the dispositional hearing supports the court's determination that the best interests of the children would be served by terminating respondents' respective parental rights and freeing the children for adoption (*see Matter of La'Derrick J.W. [Ashley W.]*, 85 AD3d 1600, 1602, *lv denied* 17 NY3d 709; *Matter of Eleydie R. [Maria R.]*, 77 AD3d 1423, 1424).

Contrary to the mother's contention in both appeals, the record supports the court's determination that a suspended judgment would not serve the best interests of the children (*see Matter of Alex C., Jr. [Alex C., Sr.]*, 114 AD3d 1149, 1150, *lv denied* 23 NY3d 901; *Matter of Tiara B. [Torrence B.]*, 70 AD3d 1307, 1307-1308, *lv denied* 14 NY3d 709; *see generally Matter of Mercedes L.*, 12 AD3d 1184, 1185; *Matter of Saboor C.*, 303 AD2d 1022, 1023). The mother's "negligible progress" in addressing the issues that resulted in the children's removal from her custody was " 'not sufficient to warrant any further prolongation of the child[ren]'s unsettled familial status' " (*Matter of Alexander M. [Michael A.M.]*, 106 AD3d 1524, 1525; *see Matter of Joanna P. [Patricia M.]*, 101 AD3d 1751, 1752, *lv denied* 20 NY3d 863; *Matter of Keegan JJ. [Amanda JJ.]*, 72 AD3d 1159, 1161-1162).

Respondent father further contends in appeal No. 1 that, because the children had different parentage, they had different interests, thereby creating a conflict of interest for the Attorney for the Children (AFC), who represented both children at the same hearing. The father failed to preserve that contention for our review "inasmuch as []he made no motion to remove the AFC" (*Matter of Swinson v Dobson*, 101 AD3d 1686, 1687, *lv denied* 20 NY3d 862; *see Matter of Ordona v Cothern*, 126 AD3d 1544, 1546; *see generally Matter of Nelissa O. v Danny C.*, 70 AD3d 572, 573).

Entered: December 31, 2015                    Frances E. Cafarell
                                              Clerk of the Court