# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**526**
**CAF 15-00314**
PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND NEMOYER, JJ.

IN THE MATTER OF BRIAN S., KATIE S., AND
ALYSSA S.
------------------------------------------------

CAYUGA COUNTY DEPARTMENT OF SOCIAL SERVICES,
PETITIONER-RESPONDENT;

SCOTT S., RESPONDENT,
AND TANYA S., RESPONDENT-APPELLANT.
------------------------------------------------
SUSAN JAMES, ESQ., ATTORNEY FOR THE CHILD
KATIE S., APPELLANT.
------------------------------------------------
MARYBETH D. BARNET, ESQ., ATTORNEY FOR THE
CHILD ALYSSA S., APPELLANT.
------------------------------------------------
THEODORE W. STENUF, ESQ., ATTORNEY FOR THE
CHILD BRIAN S., APPELLANT.

MEMORANDUM AND ORDER

KARPINSKI, STAPLETON & TEHAN, P.C., AUBURN (ADAM H. VANBUSKIRK OF
COUNSEL), FOR RESPONDENT-APPELLANT.

SUSAN JAMES, ATTORNEY FOR THE CHILD, WATERLOO, APPELLANT PRO SE.

MARYBETH D. BARNET, ATTORNEY FOR THE CHILD, CANANDAIGUA, APPELLANT PRO
SE.

THEODORE W. STENUF, ATTORNEY FOR THE CHILD, MINOA, APPELLANT PRO SE.

HARRIS BEACH PLLC, BUFFALO (ALLISON A. BOSWORTH OF COUNSEL), FOR
PETITIONER-RESPONDENT.

-----------------------------------------------------------------------------------------

Appeals from an order of the Family Court, Cayuga County (Thomas
G. Leone, J.), entered March 2, 2015 in a proceeding pursuant to
Family Court Act article 10.  The order determined that respondent
Tanya S. had neglected the subject children.

It is hereby ORDERED that the order so appealed from is reversed
on the law without costs and the matter is remitted to Family Court,
Cayuga County, for further proceedings in accordance with the
following memorandum:  In this proceeding pursuant to Family Court Act
article 10, respondent mother and each Attorney for the Child assigned
to the three subject children (appellate AFC) appeal from an order
that, inter alia, determined that the mother neglected the children
and placed the children in the custody of petitioner.  Initially, we

reject the contentions of the mother and the appellate AFCs that petitioner failed to meet its burden of establishing neglect by a preponderance of the evidence (*see* Family Ct Act § 1046 [b] [i]). Although the evidence of neglect at the fact-finding hearing consisted largely of hearsay statements made by the children to a caseworker employed by petitioner, those statements were adequately corroborated by other evidence tending to establish their reliability (*see* § 1046 [a] [vi]; *Matter of Gabriel J. [Stacey J.]*, 127 AD3d 667, 667; *Matter of Tristan R.*, 63 AD3d 1075, 1076-1077). Moreover, the children's out-of-court statements to the caseworker cross-corroborated each other (*see Gabriel J.*, 127 AD3d at 667; *Tristan R.*, 63 AD3d at 1076-1077). In sum, we conclude that the children's statements, "together with [the] negative inference drawn from the [mother's] failure to testify, [were] sufficient to support [Family Court's] finding of neglect" (*Matter of Imman H.*, 49 AD3d 879, 880).

The mother failed to preserve her further contention that her attorney was improperly excluded from an in camera examination of two of the subject children (*see Matter of Jennifer WW.*, 274 AD2d 778, 779, *lv denied* 95 NY2d 764). In any event, it appears that the limited purpose of the examination was for the court to determine where the children would live during the pendency of the proceeding, and the court did not consider the children's statements at the examination as evidence of the mother's neglect.

Children in a neglect proceeding are entitled to effective assistance of counsel (*see Matter of Jamie TT.*, 191 AD2d 132, 136-137). Here, the appellate AFC for Katie and the appellate AFC for Brian contend that Katie and Brian were deprived of effective assistance of counsel by the Attorney for the Children who jointly represented them as well as their sister Alyssa during the proceeding (trial AFC). Katie's appellate AFC contends that the trial AFC never met with or spoke to Katie. Although an AFC is obligated to "consult with and advise the child to the extent of and in a manner consistent with the child's capacities" (22 NYCRR 7.2 [d] [1]; *see Matter of Lamarcus E. [Jonathan E.]*, 90 AD3d 1095, 1096), there is no indication in the record whether the trial AFC consulted with Katie. The contention of Katie's appellate AFC is therefore based on matters outside the record and is not properly before us (*see Matter of Gridley v Syrko*, 50 AD3d 1560, 1561; *Matter of Harry P. v Cindy W.*, 48 AD3d 1100, 1100).

We agree with Brian's appellate AFC, however, that Brian was deprived of effective assistance of counsel because the trial AFC failed to advocate his position. The Rules of the Chief Judge provide that an AFC "must zealously advocate the child's position" (22 NYCRR 7.2 [d]), even if the AFC "believes that what the child wants is not in the child's best interests" (22 NYCRR 7.2 [d] [2]; *see Matter of Mark T. v Joyanna U.*, 64 AD3d 1092, 1093-1094). There are two exceptions to this rule: (1) where the AFC is convinced that the "child lacks the capacity for knowing, voluntary and considered judgment"; or (2) where the AFC is convinced that "following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child" (22 NYCRR 7.2 [d] [3]; *see Matter of*

*Viscuso v Viscuso*, 129 AD3d 1679, 1680; *Matter of Lopez v Lugo*, 115 AD3d 1237, 1238).  Here, there is no dispute that the trial AFC took a position contrary to the position of two of the subject children, Brian and Alyssa, both of whom maintained that Katie was lying with respect to her allegations against the mother.  Alyssa expressed a strong desire to continue living with the mother, while Brian said that he wanted to live with either the mother or his father, who entered an admission of neglect prior to the hearing and was thus not a custodial option.  Nevertheless, when the mother moved to dismiss the petition at the close of petitioner's case based on insufficient evidence of neglect, the trial AFC opposed the motion, stating that, although this was "probably not a very strong case," petitioner had met its burden of proof.  Also, during his "cross-examination" of petitioner's sole witness, the trial AFC asked questions designed to elicit unfavorable testimony regarding the mother, thus undercutting Brian and Alyssa's position.

Inasmuch as the trial AFC failed to advocate Brian and Alyssa's position at the fact-finding hearing, he was required to determine that one of the two exceptions to the Rules of the Chief Judge applied, as well as "[to] inform the court of the child[ren]'s articulated wishes" (22 NYCRR 7.2 [d] [3]).  Here, the trial AFC did not fulfill either obligation (*cf. Matter of Alyson J. [Laurie J.]*, 88 AD3d 1201, 1203).  Indeed, the record establishes that neither of the two exceptions applied.  Because all three children were teenagers at the time of the hearing, there was no basis for the trial AFC to conclude that they lacked the capacity for knowing, voluntary and considered judgment, and there is no evidence in the record that following the children's wishes was "likely to result in a substantial risk of imminent, serious harm to the child[ren]" (22 NYCRR 7.2 [d] [3]).  According to the trial AFC, the most serious concern he had about the children was that they frequently skipped school which, although certainly not in their long-term best interests, did not pose a substantial risk of *imminent* and serious harm to them.  Similarly, the fact that the mother may have occasionally used drugs in the house, and was thus unable to care for the children, does not establish a substantial risk of imminent and serious harm to Brian or Alyssa.  Finally, the fact that the mother, on a single occasion, may have struck Katie on the arm with a belt, leaving a small mark, did not establish a substantial risk of imminent and serious harm to Brian or Alyssa if they continued living with the mother.

We note that, although the record does not reveal whether the trial AFC consulted with Katie, it is clear that Katie's position with respect to the neglect proceeding differed from that of her siblings. Under the circumstances, it was impossible for the trial AFC to advocate zealously the children's unharmonious positions and, thus, "the children were entitled to appointment of separate attorneys to represent their conflicting interests" (*Matter of James I. [Jennifer I.]*, 128 AD3d 1285, 1286; *see Corigliano v Corigliano*, 297 AD2d 328, 329; *Gary D.B. v Elizabeth C.B.*, 281 AD2d 969, 971-972).  We therefore remit the matter to Family Court for appointment of new counsel for the children and a new fact-finding hearing.

Finally, the contention of Brian's appellate AFC that there was insufficient evidence of neglect against respondent father is not reviewable on appeal because, among other reasons, the father entered an admission of neglect, and the resulting order was thereby entered upon consent of the parties (*see Matter of Martha S. [Linda M.S.]*, 126 AD3d 1496, 1497; *Matter of Violette K. [Sheila E.K.]*, 96 AD3d 1499, 1499; *Matter of Carmella J.*, 254 AD2d 70, 70).

All concur except CENTRA, J.P., and NEMOYER, J., who dissent and vote to affirm in the following memorandum:  We respectfully dissent because, in our view, the children received effective assistance of counsel, and we would therefore affirm the order.  Respondent mother and respondent father are the parents of Alyssa, Brian, and Katie, who were 15, 13, and 12 years old at the time petitioner filed the neglect petition herein against the parents.  The parents lived in separate homes and, at the time of the filing of the petition, the girls lived with the mother and Brian lived with the father.  One attorney was assigned to represent the children as Attorney for the Children (trial AFC), as he had done in prior proceedings involving the parents.  On this appeal, the three children are each represented by a different attorney (appellate AFC), and only the appellate AFCs for Brian and Katie contend that they were denied the effective assistance of counsel by the trial AFC.

As a preliminary matter, we agree with the majority that petitioner established by a preponderance of the evidence that the children were neglected by the parents.  The evidence established educational neglect by the mother inasmuch as Brian's and Alyssa's school attendance was poor while they were in the mother's custody (*see* Family Ct Act § 1012 [f] [i] [A]; *Matter of Cunntrel A. [Jermaine D.A.]*, 70 AD3d 1308, 1308, *lv dismissed* 14 NY3d 866).  In fact, the school made a PINS referral for Alyssa based on her excessive absences, but the mother did not follow through with the referral.  The evidence also established that the mother inadequately supervised the children inasmuch as she remained in her bedroom for excessive periods of time and was oblivious to the fact that the children were leaving the home to drink alcohol and smoke marihuana (*see* § 1012 [f] [i] [B]).  Finally, there was evidence that the mother snorted crushed "hydros, oxies," thus supporting the determination that the mother neglected the children by misusing drugs (*see id.; Matter of Edward J. Mc. [Edward J. Mc.]*, 92 AD3d 887, 887-888).  With respect to the father, he admitted that he inappropriately abused alcohol, which was sufficient to establish that he repeatedly misused alcohol "to the extent that it has or would ordinarily have the effect of producing in the user thereof a substantial state of . . . intoxication" (§ 1046 [a] [iii]), and that he thereby neglected the children (*see* § 1012 [f] [i] [B]; *Matter of Samantha R. [Laurie R.]*, 116 AD3d 867, 868, *lv denied* 23 NY3d 909; *Matter of Tyler J. [David M.]*, 111 AD3d 1361, 1362).

Children who are the subject of a Family Court Act article 10 proceeding are entitled to the assignment of counsel to represent them (§ 249 [a]; § 1016), and the children are entitled to the effective assistance of counsel, or meaningful representation (*see Matter of*

*Dwayne G.*, 264 AD2d 522, 523; *Matter of Jamie TT.*, 191 AD2d 132, 135-136).  As the above evidence shows, the children were neglected by the parents, and the trial AFC understandably argued in summation that petitioner had proven its case.  Although the trial AFC did not set forth the wishes of the children, Family Court was aware that Alyssa wanted to live with the mother, that Brian wanted to live with the mother or the father, and that Katie wanted to live with an aunt.  Nevertheless, the appellate AFCs for Brian and Katie contend that Brian and Katie were denied effective assistance of counsel because the trial AFC advocated a finding of neglect, which was against the apparent wishes of his clients.

The appellate AFCs and the majority rely on 22 NYCRR 7.2 (d), which provides that the AFC "must zealously advocate the child's position," and 22 NYCRR 7.2 (d) (2), which provides that, "[i]f the child is capable of knowing, voluntary and considered judgment, the [AFC] should be directed by the wishes of the child, even if the [AFC] believes that what the child wants is not in the child's best interests."  If an AFC is convinced, however, "that following the child's wishes is likely to result in a substantial risk of imminent, serious harm to the child, the [AFC] would be justified in advocating a position that is contrary to the child's wishes" (22 NYCRR 7.2 [d] [3]).  We conclude that the trial AFC was reasonably of the view, in light of the evidence supporting a finding of neglect, that there was a substantial risk of imminent, serious harm to the children if they remained in the custody of the parents, and was not ineffective for advocating a finding of neglect (*see generally Matter of Lopez v Lugo*, 115 AD3d 1237, 1238).  Indeed, we note that in cases where an AFC has been found to have rendered ineffective assistance of counsel to his or her client in a Family Court Act article 10 proceeding, the reason is that the AFC did not do *enough* to establish that the child had been abused or neglected (*see Matter of Colleen CC.*, 232 AD2d 787, 788-789; *Jamie TT.*, 191 AD2d at 137).  In addition, even assuming, arguendo, that the exception set forth in 22 NYCRR 7.2 (d) (3) does not apply to the circumstances of this case, we nevertheless would conclude, under all the circumstances presented, that Brian and Katie received meaningful representation (*cf. Jamie TT.*, 191 AD2d at 137; *see generally People v Baldi*, 54 NY2d 137, 147).

Entered:  July 8, 2016                          Frances E. Cafarell
                                                Clerk of the Court