# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**828**

**CAF 15-01161**

PRESENT: PERADOTTO, J.P., CARNI, DEJOSEPH, NEMOYER, AND CURRAN, JJ.

---

IN THE MATTER OF KELIANN M. ELNISKI, ALSO KNOWN
AS KELIANN M. ARGY,
PETITIONER-RESPONDENT-APPELLANT,

|                    |                          |
|--------------------|--------------------------|
| V                  | MEMORANDUM AND ORDER     |

ROBERT M. JUNKER,
RESPONDENT-PETITIONER-RESPONDENT.

---

KELIANN M. ARGY, ORCHARD PARK, FOR PETITIONER-RESPONDENT-APPELLANT.

MATTINGLY CAVAGNARO LLP, BUFFALO (MELISSA A. CAVAGNARO OF COUNSEL),
FOR RESPONDENT-PETITIONER-RESPONDENT.

PAMELA THIBODEAU, ATTORNEY FOR THE CHILD, WILLIAMSVILLE.

---

Appeal from an order of the Family Court, Erie County (Mary G. Carney, J.), entered June 27, 2014 in a proceeding pursuant to Family Court Act article 6. The order, inter alia, modified a prior consent order by awarding respondent-petitioner primary residential custody of the parties' child with visitation to petitioner-respondent.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: In this proceeding pursuant to Family Court Act article 6, petitioner-respondent mother appeals from an order that, inter alia, modified a prior consent order by awarding respondent-petitioner father primary residential custody of the parties' child with visitation to the mother, and otherwise continued joint legal custody. Contrary to the mother's contention, we conclude that the father met his burden of establishing a change in circumstances sufficient to warrant an inquiry into whether a change in custody is in the best interests of the child (*see Matter of Tuttle v Tuttle*, 137 AD3d 1725, 1725; *Matter of Brewer v Soles*, 111 AD3d 1403, 1403-1404; *Matter of Pecore v Blodgett*, 111 AD3d 1405, 1405-1406, *lv denied* 22 NY3d 864; *Matter of Simonds v Kirkland*, 67 AD3d 1481, 1482). We also conclude, contrary to the mother's contention, that there is a sound and substantial basis in the record to support Family Court's determination that it was in the child's best interests to award the father primary residential custody (*see Matter of Mercado v Frye*, 104 AD3d 1340, 1342, *lv denied* 21 NY3d 859).

We reject the mother's further contentions that the Attorney for

the Child (AFC) was biased against her, and that the AFC failed to provide meaningful representation and act in the child's best interests.  Those contentions are not preserved for our review because the mother made no motion to remove the AFC (*see Matter of Juliet M.*, 16 AD3d 211, 212; *Matter of Nicole VV.*, 296 AD2d 608, 613, *lv denied* 98 NY2d 616) and, in any event, they are without merit (*see Matter of Swinson v Dobson*, 101 AD3d 1686, 1687, *lv denied* 20 NY3d 862; *Matter of Aaliyah Q.*, 55 AD3d 969, 971; *see generally* 22 NYCRR 7.2 [d]).

Finally, we reject the mother's contention that she was denied effective representation.  The mother failed to " 'demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings," and the record reflects that her counsel provided meaningful representation (*People v Benevento*, 91 NY2d 708, 712; *see Matter of Brandon v King*, 137 AD3d 1727, 1728-1729, *lv denied* 27 NY3d 910).

Entered:  September 30, 2016                    Frances E. Cafarell
                                                Clerk of the Court