Matter of Ellie Jo L.H. (2018 NY Slip Op 00934)





Matter of Ellie Jo L.H.


2018 NY Slip Op 00934


Decided on February 9, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., PERADOTTO, DEJOSEPH, NEMOYER, AND TROUTMAN, JJ.


1359 CAF 16-02244

[*1]IN THE MATTER OF ELLIE JO L.H. MELISSA L. KOFFS, ESQ., ATTORNEY FOR THE CHILD, PETITIONER-RESPONDENT; DEBRA A.M., RESPONDENT-APPELLANT. (APPEAL NO. 3.) 






KATHY L. QUENCER, WATERTOWN, D.J. & J.A. CIRANDO, ESQS., SYRACUSE (ELIZABETH deV. MOELLER OF COUNSEL), FOR RESPONDENT-APPELLANT.
MELISSA L. KOFFS, ATTORNEY FOR THE CHILD, CHAUMONT, PETITIONER-RESPONDENT. 


 Appeal from an order of the Family Court, Jefferson County (Peter A. Schwerzmann, A.J.), entered November 29, 2016 in a proceeding pursuant to Family Court Act article 10. The order, among other things, adjudged that respondent had neglected the subject child. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs and the petition is dismissed.
Memorandum: Petitioner, the Attorney for the Child (AFC), commenced this proceeding pursuant to Family Court Act article 10 alleging that the subject child had been neglected by respondent mother. In appeal No. 1, the mother appeals from an order that, inter alia, temporarily removed the subject child from the mother's care and, in appeal No. 2, she appeals from a temporary order of protection. In appeal No. 3, the mother appeals from an order determining, following a fact-finding hearing, that she neglected the child. At the outset, we note that the temporary order of protection in appeal No. 2 expired by its own terms on July 12, 2017, and the appeal from that order must therefore be dismissed as moot (see Matter of Rottenberg v Clark, 144 AD3d 1627, 1628 [4th Dept 2016]).
Contrary to the mother's contention in appeal No. 3, the AFC had the statutory authority to file a neglect petition on behalf of the child at the direction of Family Court (see Family Ct Act § 1032 [b]; Matter of Amber A. [Thomas E.], 108 AD3d 664, 665 [2d Dept 2013]). The mother further contends that the court erred in permitting the AFC to substitute her judgment for that of the child. Even assuming, arguendo, that the mother preserved that contention for our review, we conclude that the AFC's position that the child lacked the capacity for "knowing, voluntary, and considered judgment" is supported by the record (22 NYCRR 7.2 [d] [3]; see Matter of Mason v Mason, 103 AD3d 1207, 1208 [4th Dept 2013]).
In appeal No. 3, we agree with the mother that the court erred in determining that she neglected the child inasmuch as the AFC failed to meet her burden of establishing by a preponderance of the evidence that the "child's physical, mental or emotional condition has been impaired or is in imminent danger of becoming impaired" as a consequence of the mother's failure to exercise a minimum degree of care (Nicholson v Scoppetta, 3 NY3d 357, 368 [2004]). It is well established that "any impairment to the child[ ] must be clearly attributable to the unwillingness or inability of the mother to exercise a minimum degree of care toward' [the child] . . . , rather than what may be deemed undesirable parental behavior' " (Matter of Hannah U. [Dennis U.], 97 AD3d 908, 909 [3d Dept 2012]). "Indeed, the statutory test is minimum degree of care — not maximum, not best, not ideal" (id. [internal quotation marks omitted]; see Family [*2]Ct Act
§ 1012 [h]; Nicholson, 3 NY3d at 370). Here, the court concluded that, "on one hand, [the mother] may simply be a mother determined to protect her child. On the other hand, she may be a woman determined to cause emotional harm to the father of their child. In either case, the consequence of this course of action may be emotional harm to [the child]" (emphasis added). While the record establishes that the mother's conduct has been troubling at times, "there is no indication in the record that the child was . . . impaired or in imminent danger of impairment of her physical, mental, or emotional condition as a result of any acts committed by [the mother]" (Matter of Cheyenne F., 238 AD2d 905, 905-906 [4th Dept 1997]). We therefore reverse the order in appeal No. 3 and dismiss the petition.
As a consequence of the dismissal of the petition, we vacate the temporary order in appeal No. 1.
Entered: February 9, 2018
Mark W. Bennett
Clerk of the Court