Matter of Crill v Crill (2020 NY Slip Op 01770)





Matter of Crill v Crill


2020 NY Slip Op 01770


Decided on March 13, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 13, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., PERADOTTO, WINSLOW, BANNISTER, AND DEJOSEPH, JJ.


211 CAF 19-00303

[*1]IN THE MATTER OF MARK CRILL, PETITIONER-RESPONDENT,
v
SHAYLEE CRILL, RESPONDENT-APPELLANT. 
IN THE MATTER OF SHAYLEE CRILL, PETITIONER-APPELLANT,
v
MARK CRILL, RESPONDENT-RESPONDENT. 






KOSLOSKY & KOSLOSKY, UTICA (WILLIAM L. KOSLOSKY OF COUNSEL), FOR RESPONDENT-APPELLANT AND PETITIONER-APPELLANT. 
KIMBERLY M. SEAGER, FULTON, ATTORNEY FOR THE CHILDREN. 


 Appeal from an order of the Family Court, Oneida County (James R. Griffith, J.), entered January 9, 2019 in proceedings pursuant to Family Court Act article 6. The order, inter alia, granted sole legal custody of the subject children to petitioner-respondent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this proceeding pursuant to Family Court Act article 6, respondent-petitioner mother appeals from an order that, inter alia, granted petitioner-respondent father's petition to modify a prior order of custody and visitation by awarding the father sole custody of the parties' children.
"Where an order of custody and visitation is entered on stipulation, a court cannot modify that order unless a sufficient change in circumstances—since the time of the stipulation—has been established, and then only where a modification would be in the best interests of the child[ren]" (Matter of McKenzie v Polk, 166 AD3d 1529, 1529 [4th Dept 2018]). Because both parties sought modification of the prior custody order, "neither party dispute[s] that there was a sufficient change in circumstances demonstrating a real need for a change in order to insure the child[ren's] best interests" (Matter of Nordee v Nordee, 170 AD3d 1636, 1637 [4th Dept 2019], lv denied 33 NY3d 909 [2019] [internal quotation marks omitted]).
"It is well settled that a court's determination regarding custody . . . , based upon a first-hand assessment of the credibility of the witnesses after an evidentiary hearing, is entitled to great weight and will not be set aside unless it lacks an evidentiary basis in the record . . . , i.e., it is not supported by a sound and substantial basis in the record" (Matter of DeVore v O'Harra-Gardner, 177 AD3d 1264, 1266 [4th Dept 2019] [internal quotation marks omitted]; see Matter of Krug v Krug, 55 AD3d 1373, 1374 [4th Dept 2008]). Contrary to the mother's contention, we conclude that there is a sound and substantial basis in the record to support Family Court's determination that it was in the children's best interests to award the father sole custody.
The mother's further contention that the Attorney for the Children failed to provide meaningful representation to the subject children is not preserved for our review (see Matter of [*2]Elniski v Junker, 142 AD3d 1392, 1393 [4th Dept 2016]). In any event, that contention is without merit (see Matter of Terramiggi v Tarolli, 151 AD3d 1670, 1672 [4th Dept 2017]; Elniski, 142 AD3d at 1393).
Entered: March 13, 2020
Mark W. Bennett
Clerk of the Court