Matter of Ramos-O'Neal v Ramos (2023 NY Slip Op 05078)

Matter of Ramos-O'Neal v Ramos

2023 NY Slip Op 05078

Decided on October 6, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 6, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., MONTOUR, GREENWOOD, NOWAK, AND DELCONTE, JJ.

694 CAF 22-00810

[*1]IN THE MATTER OF VIALMA RAMOS-O'NEAL, PETITIONER-RESPONDENT,
v
MAYRA RAMOS, RESPONDENT-APPELLANT. 

MARK D. FUNK, CONFLICT DEFENDER, ROCHESTER (FABIENNE N. SANTACROCE OF COUNSEL), FOR RESPONDENT-APPELLANT. 

 Appeal from an order of the Family Court, Monroe County (Tanya Conley, R.), entered May 9, 2022, in a proceeding pursuant to Family Court Act article 8. The order, among other things, directed respondent to refrain from communication with petitioner. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by striking the language "Refrain from communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means with Vialma Ramos-ONeal
. . . including face to face or through third-party" and substituting therefor the language: "Refrain from communication by mail, telephone, e-mail, voice-mail or other electronic or any other means, including face-to-face communication and contact through third parties, with Vialma Ramos-O'Neal."
Memorandum: In this proceeding pursuant to Family Court Act article 8, respondent appeals from an order of protection issued upon Family Court's determination that she committed acts constituting the family offense of harassment in the second degree against petitioner, her sister (see Family Ct Act § 812 [1]; Penal Law § 240.26). We reject respondent's contention that she was denied effective representation. Respondent failed to "demonstrate the absence of strategic or other legitimate explanations for counsel's alleged shortcomings" (Matter of Elniski v Junker, 142 AD3d 1392, 1393 [4th Dept 2016] [internal quotation marks omitted]; see Matter of Bryleigh E.N. [Derek G.], 187 AD3d 1685, 1687 [4th Dept 2020]).
We agree with respondent, however, that there is a conflict between the order and the court's decision. The order prohibits "communication or any other contact by mail, telephone, e-mail, voice-mail or other electronic or any other means . . . including face to face or through [a] third party." The court's decision, however, prohibited "communication," including "face to face" communication, and also prohibited "third-party contact." In its decision, the court explicitly stated its intent to abide by petitioner's wish that the order not preclude petitioner and respondent from being in the same room, so long as there was no "communication" between them, and thus face-to-face contact is not prohibited. We therefore modify the order accordingly (see generally Matter of Chase v Chase, 181 AD3d 1323, 1324 [4th Dept 2020]).
Entered: October 6, 2023
Ann Dillon Flynn
Clerk of the Court